## 54835. FELKER v. THE STATE.

BELL, Chief Judge.

Following trial on a two-count indictment alleging rape and aggravated sodomy, the jury convicted the defendant of aggravated sodomy only. *Held:*

1. The defendant testified in his own behalf and denied having any intercourse with the victim and that he did not by force commit sodomy with her. On cross examination, he was asked if he had oral or anal sex with the victim. Defendant answered "I'm not going to lie to the jury. I'll take the Fifth Amendment." During his argument the district attorney reminded the jury of this answer. Defendant objected on the ground that the district attorney had improperly commented on the defendant's exercise of his "constitutional rights." Defendant by electing to testify subjected himself to cross examination. Code § 38-415. He elected and was

permitted to answer the question in this manner. The district attorney did not make an improper comment on defendant's exercise of his right to remain silent or to claim his right against self-incrimination. Prohibitions against commenting on a defendant's exercise of his privilege under the Fifth Amendment or on his failure to testify do not apply when the defendant testifies in his own behalf. *Gosha v. State,* 239 Ga. 37 (235 SE2d 527).

2. State's Exhibits 44-47, inclusive, were admitted over objection. The exhibits included magazines showing natural and unnatural sex acts and other apparent sexual devices and paraphernalia designed for stimulation and film, all of which were found by the police in defendant's trailer. These exhibits may have a tendency to show bent of mind toward sexual activity. *Curtis v. State,* 102 Ga. App. 790, 795 (118 SE2d 264). But in any event the rule in Georgia is that if the admissibility of evidence is doubtful, it should be admitted and its weight and effect should be left for the jury's determination. *Bond v. State,* 104 Ga. App. 627, 632 (122 SE2d 310); *Patterson v. State,* 233 Ga. 724, 725 (2) (213 SE2d 612).

3. Error is alleged in the admission of testimony of an investigator from the district attorney's office with reference to an out-of-court statement obtained from the defendant after defendant had retained counsel and in the absence of his counsel. In *Pierce v. State,* 235 Ga. 237, 238 (2) (219 SE2d 158), it was held that a statement from a defendant is not per se inadmissible because it was obtained in the absence of his counsel. Defendant argues that this rule applies only to a police officer and not to a district attorney's investigator. This would create a distinction without a difference. Both are law enforcement officers employed by the state. There was no error.

4. The remaining enumerations have no merit and require no further elaboration.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED OCTOBER 31, 1977 — DECIDED JANUARY 4, 1978.

*Groover & Childs, Denmark Groover, Jr.,* for appellant.

*Stephen Pace, Jr., District Attorney,* for appellee.