## 56385. LAYNE v. THE STATE.

McMURRAY, Judge.

Defendant was indicted, tried and convicted for the offense of "aggravated assault with intent to rape." He was sentenced to three years, to serve 18 months with the

balance of the sentence probated. Defendant appeals.
*Held:*

The evidence discloses that the victim was approached by the defendant and grabbed from behind with her right arm held behind her back, whereupon the defendant suggested sexual intercourse using a four letter word for same. The victim testified that she pulled away and asked him what was wrong with him, at which time he said: "You must not look behind you." She then saw that he had a ("white-handled") gun. She testified that she was scared but told him, "Well, if you are going to shoot me, you are just going to have to do that." Whereupon she turned and walked away. A short time afterwards, she found an officer down the street and reported the incident to him. Whereupon the defendant was located and arrested in his automobile. A pistol was found on his person, and a subsequent search of his automobile disclosed "five paperback books of a pornographic nature," titled: "Her Brother's Little Sex Toy"; "The Wife's Teenage Friend"; "Mother and Son"; "A Mother's Passion" and "The Nurse's Office."

A motion in limine was made to prevent the district attorney, witnesses, officers, and agents and servants of the state from implying that magazines and publications seized from the defendant at the time of his arrest proved the character of the defendant. However, no ruling was made on the motion pending the development of the case by the state, although later overruled. The paperback books were then admitted into evidence over objection that they were irrelevant, immaterial and prejudicial to the defendant, denying him a fair trial under the Constitution of Georgia and the United States Constitution, and further that the books had no probative value whatsoever as to the charge of aggravated assault with intent to rape and were sought to be admitted solely as prejudicial information and material against the defendant.

The sole enumeration of error here is that the trial court erred in admitting into evidence these paperback books seized from the locked trunk of defendant's automobile over defendant's timely objection. In the trial of sexual crimes exhibits having a tendency to show bent

of mind toward sexual activity have generally been allowed in evidence, and same has been approved by the decisions of the Supreme Court and the Court of Appeals. The rule in Georgia is that if the admissibility of evidence is doubtful, the evidence should be admitted and its weight and effect should be left for jury determination. *Bond v. State,* 104 Ga. App. 627, 632 (122 SE2d 310); *Patterson v. State,* 233 Ga. 724, 725 (2) (213 SE2d 612). In a somewhat similar sexual offense case wherein such exhibits have been allowed see *Felker v. State,* 144 Ga. App. 458, 459 (2) (241 SE2d 576). As to other cases as to motive, scheme, intent and identity see *Hanson v. State,* 143 Ga. App. 200, 201 (237 SE2d 699), and *Hodge v. State,* 239 Ga. 612, 613 (2) (238 SE2d 404). Indeed, the Supreme Court in the *Hodge* case in a 5-2 decision, held that even though the evidence was irrelevant "to show motive, bent of mind and course of conduct" specifically as to the charge of rape therein, nevertheless it was highly improbable that the "irrelevant evidence contributed to the conviction of rape." Thus, under the status of our more recent decisions we must hold that the evidence here was relevant and material to show motive, bent of mind and course of conduct and even if it be irrelevant the trend of the Supreme Court as stated in the *Hodge* case, supra, is that such evidence is harmless. The trial court did not err in allowing the exhibits seized from the defendant's automobile shortly after the incident and upon his arrest.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED OCTOBER 12, 1978.

*Arrington, Rubin, Winter, Krischer & Goger, S. Richard Rubin, Marvin S. Arrington,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Donald J. Stein, Assistant District Attorneys,* for appellee.