## 68090. CHAPMAN v. THE STATE.

Birdsong, Judge.

Frank Chapman, Jr. was convicted of burglary and child molestation. He was sentenced to serve ten years for child molestation and five years for burglary, to be served concurrently. Chapman brings this appeal enumerating five alleged errors. *Held*:

1. Enumerations 1 and 5 deal with the sufficiency of the evidence. As pertinent to this appeal, the evidence shows that the Pender family members were asleep in their home at about 1:00 a.m. on June 8, 1982. Mrs. Pender was asleep in one room, her three small sons were asleep in another bedroom, and her 10-year-old daughter was asleep in a third bedroom. Mrs. Pender was awakened by frightened calls from her daughter. Mrs. Pender ran to the bedroom door but found it locked from the inside. She pounded on the door, demanding entry exclaiming that she believed someone was present in the room besides her daughter. Ultimately the door was unlocked from within and a male, whom Mrs. Pender identified as being the appellant, ran from the room. The appellant ran from the room through the kitchen and made his escape. Mrs. Pender testified she went back to her daughter's room and found her daughter crying and her pajama top was "off." The daughter testified that she awoke to find a man standing over her (whom she identified as the appellant) and the man had his hand over her mouth. She testified that her pajama top was pulled "down" or "up," that it was not as it had been when she went to bed. Appellant confessed to the burglary by admitting that he entered the Pender house to get some food from the refrigerator. He explicitly denied however going beyond the kitchen or ever being in the child's room or touching the child in any way.

Appellant raises an issue concerning the sufficiency of evidence to support a charge of child molestation where the evidence shows a non-related adult male entered a ten-year-old female child's room at 1:00 a.m., locked the door, put his hand over her mouth, and removed (or at least moved) the child's pajama top.

OCGA § 16-6-4 defines child molestation as the doing of an immoral or indecent act with or in the presence of a child under the age of 14 with the intent to arouse or satisfy sexual desires. Webster's Third New International Dictionary (Unabridged), 1976, at p. 1130

defines "immoral" as ". . . inconsistent with purity or good morals; contrary to conscience or moral law." Black's Law Dictionary, Revised Fourth Edition, 1968, at p. 885 defines "immoral" as ". . . inimical to public welfare according to the standards of a given community, as expressed in law or otherwise."

Webster at p. 1147 defines "indecent" as ". . . not conforming to generally accepted standards of morality; tending toward or being in fact something generally viewed as morally indelicate or improper or offensive." Black's at p. 909, defines "indecent" as ". . . offensive to common propriety; offending against modesty or delicacy. . . ."

We perceive the law against child molestation to proscribe acts which offend against the public's sense of propriety as well as to afford protection to a child's body in those cases where the act or acts are more suggestive of sexually oriented misconduct than simply assaultive in nature. On a similar basis, the offenses of simple assault, child abuse and child molestation are distinguishable.

The intent to commit the act charged was a jury question. In this case the jury was faced with evidence showing an illegal entry into a child's bedroom in the early morning hours, locking the bedroom door, and, as the jury was authorized to conclude, either moving or removing a part of the child's night clothing, and forcibly restraining her.

The jury was charged the law of the case and heard all the evidence. It had to decide if the conduct of the defendant was or was not immoral or indecent. Weighing the evidence and assigning the truth is best done by a jury of the vicinage. What that jury establishes by its verdict from an evaluation of the whole and determines to be the truth of the matter in controversy ought to be accepted. *Thornton v. State*, 161 Ga. App. 296, 301 (287 SE2d 749) (Deen, P. J., concurring specially). We find ample support for a finding that the conduct manifested by appellant was contrary to conscience, or moral law, and was inimical to public welfare according to the standards of society as perceived by the jury, and that the conduct did not conform to generally accepted standards of morality indeed tended toward or was an act generally viewed as morally and sexually indelicate, improper and offensive. We conclude therefore that any rational trier of fact could have found guilt of child molestation under these facts beyond a reasonable doubt. *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528).

2. In enumeration of error 2, Chapman complains that the trial court erroneously allowed the child victim to testify under oath. Chapman urges error because the child indicated she did not understand the meaning or nature of an oath.

" '[T]he standard of intelligence required to qualify a child as a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered,

but rather that he know and appreciate the fact that as a witness he [is required] . . . to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished. . . .' [Cits.]" *Walls v. State,* 166 Ga. App. 503, 504 (1) (304 SE2d 547).

It is within the sound discretion of the trial court to determine the competency of a child of tender years. In this case, the trial court satisfied itself that the child understood she was required to tell the truth, and understood the importance of telling only the truth. The child promised to tell the truth. We find no manifest abuse of discretion and will not interfere with that exercise of discretion. *Sullivan v. State,* 162 Ga. App. 297, 298 (291 SE2d 127).

Appellant seeks for the first time on appeal to raise the issue that the trial court took over the responsibility of the prosecution by qualifying the witness. Even though we find no merit in the enumeration, we will not consider an allegation to which no objection was voiced at trial and is now raised for the first time on appeal. *Rider v. State,* 226 Ga. 14 (2) (172 SE2d 318).

3. (a) In enumeration 3 Chapman argues the court erred in its charge on intent. In substance, the argument asserts that the jury was instructed that even if the jury did not find appellant's acts were immoral and indecent, nevertheless, it could convict if it found the overall circumstances manifested an intent to do an immoral or indecent act. Appellant seeks to isolate a part of the general charge from its context. The jury was informed fully and correctly that it must find the acts to be immoral and/or indecent. It was then told not only that the acts must have been immoral and indecent, but also that the acts must have been perpetrated with an intent to arouse sexual desires. The charge of the court thus related to the state of mind and to the character of the acts. Taken as a whole the charge of the court on the crime of child molestation and intent was not misleading nor incorrect in any particular.

(b) Chapman also argues that the court failed to charge on the lesser intent to attempt to commit the act of child molestation. In the first place, Chapman completely denied the act or even an opportunity to commit such an act. Thus, a lesser offense was never placed into issue. See *Lundy v. State,* 139 Ga. App. 536, 540 (228 SE2d 717). Secondly, he never requested a charge on the lesser offense nor objected to the failure to give such a charge. Lastly, the evidence disclosed that if the act was done at all, it was completed. A failure to request a charge on attempt without a written request is not error. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354). Further, where the evidence shows the offense charged was completed, there is no error to fail to give a charge on an attempt to commit the completed offense. *Rolland v. State,* 235 Ga. 808, 811 (221 SE2d 582). There is no merit

in these enumerations.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MAY 2, 1984.

*Lawson E. Thompson,* for appellant.

*Kenneth E. Goolsby, District Attorney, Harold W. Wallace III, Dennis C. Sanders, Assistant District Attorneys,* for appellee.