## 70797. TYLER v. THE STATE.
(335 SE2d 691)

BIRDSONG, Presiding Judge.

The defendant, Edward R. Tyler, appeals his conviction of three counts of aggravated sodomy and one count of child molestation. The alleged victim was the 11-year-old daughter of the defendant. After seeing a television movie in January 1984, "Something About Amelia," which concerned a father sexually molesting his daughter, the defendant's daughter told her schoolteacher that her father had been molesting her. The local Department of Family and Children Services was informed and they called the police. The police took a statement from the daughter who advised them her father, the defendant, first molested her in June 1983. When the rest of the family went on a trip to South Carolina in July 1983, the daughter was told to stay home with her father. While the family was absent, the defendant required his daughter to watch pornographic VCR tapes while attempting to fondle her private parts. Even after watching several VCR pornographic films, she resisted her father's advances. She said he then showed her some photographs of himself and her stepmother in the nude, having sexual intercourse, and her stepmother performing oral sodomy upon her father. Following this, she was forced to perform oral sodomy upon her father, and then he performed oral sodomy upon her. These acts were repeated during that same weekend while the family was in South Carolina. After that, when the father would come home after work, usually at 12:30 a.m., he would come to her bedroom and have her perform oral sodomy upon him.

Following the daughter's statement to the police, a search warrant was obtained and a search made of the Tyler home for the pornographic material, and marijuana, which she had seen in her father's bedroom. The affidavit supporting the warrant informed the magistrate that the daughter had seen marijuana in her father's bedroom and she had been molested by her father and required to watch "X-rated VCR tapes, such as Candy Girls and various other X-rated tapes, also to look at photos of Edward Tyler and his wife performing oral sex on each other." On execution of the search warrant, the police found marijuana, eight pornographic VCR tapes, and photographs showing the defendant and his wife involved in oral sex, and having sexual intercourse. All these items were found in the father's bedroom. The defendant denied he had molested his daughter or shown her the VCR tapes, but admitted he had taken the pictures of himself and his wife engaging in various sexual conduct. Defendant testified that it was a rule of his house that the children were not permitted to enter his bedroom. The defendant appeals his conviction. *Held*:

1. Defendant enumerates as error the denial of his motion to

suppress the evidence found in his home upon execution of the search warrant on February 3, 1984. The executing officer testified that he interviewed defendant's daughter on February 3 for about two to two and one-half hours. The daughter appeared to be very intelligent and was in the advanced educational curriculum of her school for "gifted" children having a high I. Q. She advised him that her father had requested her to stay at home on a weekend when her stepmother had taken the rest of the children to South Carolina. On that weekend her father "made her watch some VCR tapes so that she would know how to have oral sex and do it properly." Following that, her father showed her photographs of himself and his wife participating in sexual intercourse and the wife performing oral sodomy upon the father. She was required to perform oral sodomy upon her father. Within one week prior to February 3, 1984, she had seen marijuana in her father's bedroom. This was placed in the affidavit and the officer also gave sworn testimony to the same effect. The magistrate authorized a search for marijuana and "pornographic material which is in violation of Georgia law." Five officers executed the search warrant. They went first to the father's bedroom where they found eight VCR sexually explicit tapes, photographs showing defendant's wife committing oral sodomy upon another person, and two people having sexual intercourse, as well as nude photographs of the defendant and his wife. Less than one ounce of marijuana was found in the bedroom including residue in several "nickel" bags and residue of smoked marijuana cigarettes.

Defendant asserted twelve grounds in his motion to suppress. We have found no evidence to show that the affidavit was improperly or illegally executed. *State v. Barnett*, 136 Ga. App. 122 (220 SE2d 730). The affidavit and sworn testimony of the affiant officer to the magistrate, sufficiently established probable cause for the magistrate to believe there was a fair probability that the marijuana and the sexually explicit material would be found in the defendant's home. *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527).

The warrant must describe the items to be seized with such particularity as to enable a prudent officer executing the warrant to seize the things with "reasonable certainty." *Stanford v. Texas*, 379 U. S. 476, 481 (85 SC 506, 13 LE2d 431); *Strauss v. Stynchcombe*, 224 Ga. 859 (2) (165 SE2d 302). " 'When circumstances make an exact description of instrumentalities, a virtual impossibility, the searching officer can only be expected to describe the generic class of items he is seeking.' " *Butler v. State*, 130 Ga. App. 469, 473 (203 SE2d 558); accord *Evans v. State*, 161 Ga. App. 468, 470 (288 SE2d 726); *State v. Causey*, 132 Ga. App. 17 (2) (207 SE2d 225); *Dugan v. State*, 130 Ga. App. 527, 534 (203 SE2d 722). The warrant description was sufficient to enable the searching officer to seize the described items with "rea-

sonable certainty."

Defendant argues that the X-rated VCR tapes were constitutionally protected and authorized to be in his possession and not in violation of Georgia law. It is not contested that "mere private possession of obscene matter cannot constitutionally be made a crime." *Stanley v. Georgia*, 394 U. S. 557, 559 (89 SC 1243, 22 LE2d 542). However, here the so-called "pornographic" material was evidence which had been used in the commission of the offenses of aggravated sodomy and child molestation, and was authorized to be seized under OCGA § 17-5-21. Such evidentiary items were alleged to have been used by the defendant to demonstrate the sexual act the father wanted his daughter to perform on him. Additionally, it can be argued that the defendant could have used such evidentiary items to sexually stimulate his daughter to be more receptive to his sexual demands. The father denied that he committed the acts alleged, or that he showed the VCR tapes to his daughter. Hence, these tapes and photographs would be corroborative of the testimony of the victim that even though she was not permitted in her father's bedroom, these VCR tapes did exist and were kept in his bedroom, that they were used for the purpose she stated — to teach her how to commit oral sodomy, and that such acts took place. Hence, the question of whether the VCR tapes were in fact "pornographic," vel non, is not in issue. What is in issue is whether the father had in his possession VCR tapes of a sexually explicit nature which could have been used in the manner depicted by his daughter. The mere description in the warrant that such tapes were in violation of Georgia law is surplusage and need not be proven. The word "pornographic" in the warrant, in the context of the facts of this case, is considered as descriptive of those acts portrayed in the affidavit, rather than as a constitutional classification.

The daughter's testimony as to the presence of marijuana in her father's bedroom is not stale. *Tuzman v. State*, 145 Ga. App. 761, 764 (244 SE2d 882), U. S. cert. den. 439 U. S. 929; *State v. Boswell*, 131 Ga. App. 657 (1) (206 SE2d 682). Hearsay of affiant as to what the daughter told him is a permissible basis for issuance of a warrant. *State v. Griffin*, 154 Ga. App. 361 (268 SE2d 412). The warrant was not a general exploratory warrant. *Willis v. State*, 122 Ga. App. 455, 457 (177 SE2d 487). Nor was the search expanded in scope into a more extensive search for items or places not specified in the warrant. *Landers v. State*, 250 Ga. 808, 809 (301 SE2d 633). We conclude that the issuing magistrate had a substantial basis for concluding that the marijuana and the sexually explicit photographs would be found in defendant's home. *Illinois v. Gates*, supra. In so concluding, there was probable cause for issuance of the warrant as the information provided by affiant in the affidavit and in sworn testimony provided a sufficient basis for the decision of the magistrate. *Massachusetts v.*

*Upton*, ___ U. S. ___ (104 SC 2085, 80 LE2d 721).

Moreover, this court has held that "magazines showing natural and unnatural sex acts and other apparent sexual devices and paraphernalia designed for [sexual] stimulation" can have a tendency to show a bent of mind toward similar sexual activity. *Felker v. State*, 144 Ga. App. 458, 459 (241 SE2d 576); accord *Wilcoxen v. State*, 162 Ga. App. 800 (1) (292 SE2d 905); *Watson v. State*, 147 Ga. App. 847, 850 (250 SE2d 540); *Layne v. State*, 147 Ga. App. 511, 512-513 (249 SE2d 324). We find no logical or legal reason why VCR tapes depicting similar sexual acts to those in the magazines should not be considered in the same category as sexually explicit magazines. Thus, as the VCR tapes were reported to the police as evidentiary items used in accomplishing a crime, aggravated sodomy, and such tapes could also be used to show bent of mind of the defendant to commit such crimes, we find the VCR tapes and the sexually explicit photographs were seizable on both bases, and the generic description furnished was sufficient for those purposes. *Evans v. State*, supra, p. 470.

2. It is argued that the trial court erred in admitting into evidence state exhibits 2-A through 2-H, the eight alleged VCR pornographic tapes: "Erotic Animation Festival," "Exhausted," "Talk Dirty to Me . . .," "Eruption," "Swedish Erotica," "Pandora's Mirror," "Candy Girls," "Deep Passage," and "Cover Girl." The daughter testified that she had been forced to watch "Candy Girls," "Exhausted," a sexual cartoon, and one which contained "a whole bunch of short things." The jury was permitted to view a few minutes of each tape. We find no error.

Admission of evidence is a matter which rests largely within the sound discretion of the trial judge, and if the evidence has a tendency to establish a fact in issue, that is sufficient to make it relevant and admissible. *Alexander v. State*, 239 Ga. 108, 110 (236 SE2d 83). The Georgia rule favors admissibility of any relevant evidence no matter how slight its probative value. *Baker v. State*, 246 Ga. 317, 319 (271 SE2d 360). Defendant contends the tapes were unauthenticated and unverified. We do not agree. The tapes were identified as those found in the bedroom of the defendant during the execution of the search warrant on February 3, 1984. Defendant admitted he had purchased the tapes, they were his, and he kept "all that material in his bedroom." The daughter recalled the names of some of the tapes and gave the general nature of the contents of the other tapes, from viewing the tapes shown to her by the defendant. The tapes were viewed by the police and an officer testified that they were in the same condition now as they were when they confiscated them. The VCR tapes were properly identified and authenticated. *Burke v. State*, 248 Ga. 124 (2) (281 SE2d 607).

The tapes were relevant to the issues. The father testified the

children were not permitted in his bedroom and he had not shown the tapes to his daughter. The daughter said she had been in her father's bedroom where she performed oral sodomy upon him, that the VCR tapes and the photographs were in his bedroom and she had seen marijuana in his bedroom within the last week. The VCR tapes were admissible to corroborate the testimony of the daughter that she had been shown the tapes, and related the contents of some of them. After viewing portions of each tape, the jury could determine whether the tapes could have been used for the purpose of teaching the daughter to perform oral sex, and whether they contained the sexually explicit scenes reported by the daughter. Last, but by no means the least reason, such tapes are admissible to show the lustful disposition and bent of mind of the defendant. *Wilcoxen*, supra; *Watson*, supra; *Layne*, supra; *Felker*, supra.

3. The remaining enumerations of error were neither argued nor supported by citation of authority and are considered abandoned. *Dennis v. State*, 158 Ga. App. 142 (9) (279 SE2d 275).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 19, 1985.

*Ben B. Mills, Jr.,* for appellant.
*Gary C. Christy, District Attorney, Richard E. Thomas, Assistant District Attorney,* for appellee.