## 71509. EVANS v. THE STATE.
### (340 SE2d 620)

POPE, Judge.

Margorie Gale Evans stood trial on one count of incest and two counts of child molestation. The trial court directed verdicts regarding two of the charges (one of the child molestation charges, and the charge for incest) on the ground that the statute of limitation had run. Evans was convicted on the remaining count of child molestation. She was sentenced to serve ten years.

1. Evans enumerates the general grounds. The jury was authorized to find that Evans was alone in her apartment with her two young sons. The older boy, who was seventeen at the time of trial, testified that on the night in question, his mother ordered him to bring the younger boy, who was eight at the time of trial, into her bedroom to sleep with her. The younger son testified that when he entered the room, he found his mother sitting nude on the bed, and that she was drunk. As he stood at the end of the bed, she told him to look, and used both her hands to display her vagina to him. When he turned away, she took her right hand and turned his head to force him to view her vagina and again said, "Look." He then broke away and left the room. The jury also heard evidence from the older boy concerning other incidents in connection with the two charges upon which the trial court directed verdicts. That evidence showed that Evans had forced her older son on numerous occasions to have sexual intercourse with her. The jury was instructed properly that it could consider such evidence, if it chose to believe the testimony, only as it might relate to Evans' state of mind in regard to the crime submitted to the jury for consideration. In view of all the evidence, we find that a rational trier of fact could find Evans guilty beyond a reasonable doubt of child molestation. See *Chapman v. State*, 170 Ga. App. 779 (1) (318 SE2d 213) (1984).

2. Evans contends that the trial court erred in considering evidence relating to the charges upon which the trial court directed verdicts in imposing its sentence. We do not agree. Such evidence was admitted properly during the guilt/innocence phase of the trial. " 'Any lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes is admissible in aggravation. . . .' [Cits.]" *Fields v. State*, 167 Ga. App. 816, 818 (307 SE2d 712) (1983). See also OCGA § 17-10-2 (a). The trial court had the right to consider the evidence in aggravation. We find no error.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JANUARY 7, 1986 —
REHEARING DENIED JANUARY 24, 1986 —

*Martin L. Cowen III*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.