## 76374. THOMPSON v. THE STATE.
(370 SE2d 819)

BEASLEY, Judge.

Defendant appeals his conviction of molesting his ten-year-old stepdaughter, in violation of OCGA § 16-6-4. He asserts error in the admission of a video tape depicting explicit sexual activity and the duration of time it was shown to the jury. He also contends that the trial court erred in denying his motion for a directed verdict of acquittal.

1. We find no error in the admission of a video tape and connected testimony. The victim's friend, a ten-year-old girl, testified the tape was shown to her by defendant the morning after the victim was permitted to have the girl stay overnight. The act of which defendant was charged involved a prerequisite to that permission and occurred the day before. On the trial of sexual crimes, materials, including VCR tapes, depicting graphic sexual acts are properly admitted as they have a tendency to show bent of mind by defendant toward sexual activity. *Tyler v. State*, 176 Ga. App. 96, 99 (1) (335 SE2d 691) (1985); *Wilcoxen v. State*, 162 Ga. App. 800 (1) (292 SE2d 905) (1982).

Defendant contends that the witness testified that she watched the tape for only a "couple of minutes" and the jury was permitted to view the tape for five minutes. This variance in viewing time was not harmful error especially in view of the fact that the jury began watching from the beginning and the first two minutes of the video tape consisted of credits and relatively innocuous scenes not at all resembling what the witness described, but then was followed by scenes of sodomy and masturbation. See in this regard *Tyler*, supra.

2. Defendant argues that, even if true, requiring the victim to dance naked in front of him did not constitute child molestation within the meaning of the code section. The victim also testified that on prior occasions defendant had made her take off her clothes and dance and let him look at and rub her "private places." She admitted that while he had touched her before that he did not touch her on the occasion for which he was charged.

Whether defendant committed an indecent or immoral act in the presence of the victim, a child under fourteen, with the intent to arouse the sexual desires of either the victim or himself as described in OCGA § 16-6-4 is a jury question, and what the jury determines from a consideration and evaluation of the whole ought to be accepted. *Chapman v. State*, 170 Ga. App. 779, 780 (1) (318 SE2d 213) (1984). "[T]he Georgia law against child molestation proscribes acts which offend against [the] public sense of propriety as well as affording protection to a child's body in those cases where the act or acts are more suggestive of sexually oriented misconduct than simply as-

saultive in nature. A child's mind may be victimized by molestation as well." *Smith v. State*, 178 Ga. App. 300, 301 (1) (342 SE2d 769) (1986).

Construing the evidence and inferences therefrom in favor of the verdict, *Adams v. State*, 255 Ga. 356, 357 (1) (338 SE2d 860) (1986), a rational trier of fact could have found defendant guilty of child molestation beyond a reasonable doubt. *Evans v. State*, 177 Ga. App. 572 (1) (340 SE2d 620) (1986); *Jordan v. State*, 172 Ga. App. 496, 501 (9) (323 SE2d 657) (1984).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JUNE 16, 1988.

*Harlan M. Starr*, for appellant.

*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.