## A91A2254. HOLMAN v. THE STATE.
### (413 SE2d 234)

McMurray, Presiding Judge.

Defendant Holman appeals his conviction of three counts of child molestation. *Held*:

1. Defendant's first enumeration of error contends that the trial court erred in denying his motion to suppress and his motion in limine which sought to prevent the State introducing evidence of his plea of guilty to an earlier charge of child molestation. The guilty plea at issue occurred in 1986 in the Superior Court of Gwinnett County. Defendant argues that evidence of the guilty plea should have been excluded because the Gwinnett Superior Court accepted the guilty plea and entered judgment thereon without complying with the requirements of Uniform Rules 33.9 and 33.11 (c) of the Uniform Rules for the Superior Courts.

Uniform Rule 33.9 provides that: "Notwithstanding the acceptance of a plea of guilty, the judge should not enter a judgment upon such plea without making such inquiry on the record as may satisfy him that there is a factual basis for the plea." Uniform Rule 33.11 (c) requires that a verbatim record of the inquiry required under Uniform Rule 33.9 should be made and preserved.

The transcript of the plea hearing in the Gwinnett County case shows that the assistant district attorney stated in defendant's presence that the State's evidence in that case would include the testimony of twin sisters, both victims, who would testify that on various occasions the defendant had committed the acts charged in the indictment and that the State would have also presented certain similar transaction evidence. The defendant was then asked and acknowledged that he was aware of the evidence that would be admitted against him. This transcript also shows that, subsequently, the defendant's attorney in that case opined that the State would successfully prove its case and obtain a conviction.

Contrary to defendant's arguments, Uniform Rule 33.9 does not require that the Superior Court make an express finding upon the record that a factual basis exists for a plea of guilty when there is evidence that the trial court is aware of the factual basis. *Golden v. State*, 190 Ga. App. 477, 478 (379 SE2d 230); *Clark v. State*, 186 Ga. App. 106, 107 (2) (366 SE2d 361). Nor is it relevant that defendant later denied his guilt of the Gwinnett County crime, particularly since there is no indication of any attempt to withdraw the plea of guilty or appeal the judgment imposed in that case. Finally, the Gwinnett Superior Court's reliance upon the representations of the assistant district attorney concerning the evidence in that case was not improper nor did it result in any deficiency under Uniform Rule 33.9. We find that the record shows that the Gwinnett Superior Court sufficiently

completed the inquiry required under Uniform Rule 33.9 and that same was recorded and preserved as required under Uniform Rule 33.11 (c). This enumeration of error is without merit.

2. Defendant also contends that the trial court erred in admitting testimony that defendant possessed videotape pornographic movies and that the witness had watched these movies together with defendant since the movies contained no sexual material relating to children. However, we have consistently held that possession of such items may have a tendency to show bent of mind and lustful disposition, and allowed such items to be admitted into evidence as exhibits upon application of our preference for admission of evidence even where its relevancy or competency is doubtful, when it logically tends to elucidate or throw light upon a material issue. See Stamey v. State, 194 Ga. App. 305, 307 (2) (390 SE2d 409); Worth v. State, 183 Ga. App. 68, 69 (1) (358 SE2d 251); Felker v. State, 144 Ga. App. 458, 459 (2) (241 SE2d 576). While the case sub judice involves oral testimony rather than physical evidence, the same principle is controlling. The witness gave a sufficiently explicit description of the movies' content of heterosexual intercourse and sodomy between adults to permit a jury to determine whether the testimony tended to prove a disposition or bent of mind towards the acts charged in the case sub judice. It was not necessary, as a prerequisite to the jury's consideration of the testimony, that the movies involve children. See Stamey, supra at 308. Under the broad discretion of the trial court, the admission of this testimony was not error. Tyler v. State, 176 Ga. App. 96, 99 (2) (335 SE2d 691).

Judgment affirmed. Sognier, C. J., and Andrews, J., concur.

DECIDED NOVEMBER 22, 1991.

L. Eddie Benton, Jr., for appellant.

C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney, for appellee.