## S92A1031. GEORGE v. THE STATE.
### (421 SE2d 67)

HUNT, Justice.

Willie Joe George shot and killed Marvin James Barnes with a handgun. He was convicted of malice murder and sentenced to life imprisonment.[1] We consider three issues on appeal: the sufficiency of the evidence, the denial of George's *Batson* motion, and his complaints about the jury instructions.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of malice murder beyond a rea-

---

[1] The homicide occurred on November 25, 1989. George was indicted on January 17, 1990 by the Early County Grand Jury and tried on February 3 and February 4, 1992, when he was convicted. George filed his notice of appeal on February 25, 1992. The court reporter certified the trial transcript on April 15, 1992. The record was docketed in this court on May 15, 1992, and this appeal was submitted for decision without oral argument on June 26, 1992.

sonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. George contends the trial court's denial of his motion to discharge the jury was reversible error under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The state used nine of its ten peremptory strikes against blacks. The trial court ruled that George had established a prima facie case of discrimination under *Batson*, and required the prosecutor to explain his exercise of peremptory challenges. See *Gamble v. State*, 257 Ga. 325 (2) (357 SE2d 792) (1987). We affirm the trial court's holding that the state successfully rebutted George's prima facie case. The prosecutor explained that he struck eight of the nine potential black jurors because they were well acquainted with the defendant, his relatives, and defense witnesses. He explained that he used an additional peremptory strike against a prospective black juror because that juror indicated he knew something about the case, had counseled inmates in jail, and had a pending suit against a police officer. There is no evidence to support George's claim that the prosecutor failed to strike white jurors who knew the defendant, his relatives, and defense witnesses. The prosecutor's explanations were clear and reasonably specific, and the trial court did not err in finding them sufficiently neutral and legitimate. See, e.g., *Batton v. State*, 260 Ga. 127, 129 (2) (391 SE2d 914) (1990); *Foster v. State*, 258 Ga. 736, 739 (2) (374 SE2d 188) (1988).

3. Contrary to George's contentions, the trial court's charges on malice murder, self-defense, and the burden of proof, were correct statements of law, and we find no error in the charge, read as a whole.

*Judgment affirmed. Clarke, C. J., Bell, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 2, 1992.

*Bowles & Bowles, Jesse G. Bowles III,* for appellant.
*Charles M. Ferguson, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Robert D. McCullers, Staff Attorney,* for appellee.