A92A0935. HELTON v. THE STATE.
(424 SE2d 806)

POPE, Judge.

Defendant William Leo Helton appeals his convictions for two counts of child molestation and two counts of aggravated child molestation. Evidence was presented at trial that the offenses occurred after defendant volunteered to look after the eight-year-old female victim while her mother was working at a truck stop. The victim testified defendant touched her genital area with his hand and his tongue. After careful consideration in a hearing outside the presence of the jury, the trial court permitted the State to present the testimony of the manager of the truck stop that defendant had a habit of

displaying to the manager and others a collection of about 100 photographs taken by defendant of nude or semi-nude women. Some of the photographs showed defendant performing oral sex on the women. The women in the photographs appeared to range in age from 16 to middle age. Defendant argues that since the photographs did not relate to sexual activity with children, the trial court erred in admitting the testimony because it was irrelevant to the issue of whether he committed the crimes charged and was prejudicial to him.

Defendant argues this court has become too permissive in holding that evidence of the defendant's possession of sexually explicit materials which do not relate to children is admissible in child molestation cases. For example, in *Thompson v. State*, 187 Ga. App. 563 (370 SE2d 819) (1988), in which the defendant was convicted of child molestation, this court held that videotapes depicting graphic sexual acts were properly admitted "as they have a tendency to show bent of mind by defendant toward sexual activity." Id. at 563. Defendant points out that the previous decisions relied upon by this court in *Thompson* were materially distinguishable from the facts in *Thompson*, as well as the facts of the case at hand, and argues that the holdings in these previous cases should not be expanded to permit the admission of evidence which is unrelated to the act for which the defendant is being tried. For example, in *Tyler v. State*, 176 Ga. App. 96 (335 SE2d 691) (1985), cited in the *Thompson* opinion, the facts showed the videotapes admitted into evidence had been used in the commission of the crime in that the defendant had required the child victim to watch them. In *Wilcoxen v. State*, 162 Ga. App. 800 (292 SE2d 905) (1982), also cited in *Thompson*, defendant was charged with molesting a male child and the sexually explicit photographs in question were of male teenagers. Thus, as the court noted, the photographs were relevant "to show defendant's bent of mind toward the sexual activity with which he was charged." *Wilcoxen*, 162 Ga. App. at 801. Defendant argues that since the photographs admitted at his trial were of sexually mature women, they are irrelevant to the issue of motive or intent to commit illegal sexual acts with a child.

Defendant further argues that bent of mind toward sexual activity, the standard applied in the *Thompson* opinion, is irrelevant to the issue of whether defendant committed a sex crime because all normal adults possess a bent of mind toward sexual activity. Although we disagree that the *Thompson* opinion erroneously held the sexually explicit material to be admissible, in order to avoid confusion in subsequent cases we hereby clarify that the issue is not whether the evidence sought to be admitted shows defendant's bent of mind toward "sexual activity." The true issue is whether the evidence sought to be excluded by the defendant is admissible to show defendant's bent of mind toward the *sexual activity with which he was*

*charged* or defendant's *lustful disposition*. See *Brooks v. State*, 197 Ga. App. 194 (2) (397 SE2d 622) (1990); *Stamey v. State*, 194 Ga. App. 305 (2) (390 SE2d 409) (1990); *Tucker v. State*, 191 Ga. App. 648 (382 SE2d 425) (1989). The testimony in the case now before us is relevant to both these issues. The testimony established that defendant showed an "obsessive" interest in displaying the photographs he had apparently taken of approximately 100 nude or semi-nude women, some of which showed defendant in the act of performing oral sex on the women. In this case in which defendant was charged with performing oral sex upon a child, "[i]t would be illogical to say that such sexually depictive and explicit material has no relevance to the lustful disposition of the defendant . . . or that they say nothing about his state of mind, as to inclination towards and preoccupation with such matters. If there is any question about it, it is a well established rule of law that the rules of evidence require that the evidence be admitted and its weight and effect left to the jury." (Citation and punctuation omitted.) *Stamey v. State*, 194 Ga. App. at 308.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 22, 1992 —
RECONSIDERATION DENIED NOVEMBER 9, 1992

*Cowen & Cowen, Martin L. Cowen III*, for appellant.
*Robert E. Keller, District Attorney, Gregory K. Hecht, Assistant District Attorney*, for appellee.