A93A0802. KING v. THE STATE.
(433 SE2d 722)

SMITH, Judge.

David King was tried before a jury and found guilty of one count of incest and two counts of child molestation for acts committed against his eleven-year-old daughter. One count of molestation was merged with the incest count, and King appeals from the judgments of conviction and sentences entered by the trial court on the jury's

verdicts of guilt.

1. The trial court allowed the arresting officers to testify that a small plastic container of marijuana was found under the couch in King's living room during a search incident to his arrest. King contends error in the trial court's overruling his objections to this testimony made on the grounds that no chain of custody was shown and that such evidence impermissibly placed his character in issue.

It is well established that harmless error will not authorize reversal, *McAlister v. State*, 204 Ga. App. 259, 262 (419 SE2d 64) (1992), and any error in admitting evidence over objection is rendered harmless by the proper admission of similar evidence to the same effect. *Holloway v. State*, 201 Ga. App. 204, 205 (3) (410 SE2d 799) (1991). In a taped interview with a police investigator and a DFCS social worker, the minor victim stated that King kept marijuana hidden beneath the couch. Because the tape, including the victim's statement regarding the marijuana, was played for the jury not only without objection but with the approval of the defense, any error in overruling King's objection to the investigator's testimony was harmless.

2. King enumerates as error the trial court's ruling permitting an arresting officer to testify, over defense objections based on relevancy and on the best evidence rule, that magazine pin-up pictures, which depicted both clothed and nude women, were found in King's home. The pictures were not introduced into evidence.

(a) "The 'best evidence' rule (OCGA § 24-5-4) applies only when the contents of a writing are in issue. 'Where the existence of a fact is the question at issue and not the contents of a writing, then oral and written evidence of the fact may both be primary evidence. (Cit.)' [Cit.]" *Denson v. State*, 149 Ga. App. 453, 455 (2) (254 SE2d 455) (1979). In this situation, an objection based on the best evidence rule was not well taken and was properly overruled.

(b) King asserts that the prejudicial nature of the testimony about finding the pictures outweighed any probative value. He argues that the testimony was not relevant to the crimes charged because the pictures did not depict children, and the material was not even seized when found by the officers.

With regard to allegations of illegal sexual conduct, this court has repeatedly held that possession of such items is relevant to show "state of mind and lustful disposition." *Stamey v. State*, 194 Ga. App. 305, 307 (2) (390 SE2d 409) (1990). We agree with King that interest in sexual activity does not necessarily point to deviant behavior, even circumstantially. As this court pointed out in *Helton v. State*, 206 Ga. App. 215 (424 SE2d 806) (1992), "[t]he true issue is whether the evidence sought to be excluded by the defendant is admissible to show [his] bent of mind toward the *sexual activity with which he was charged* or [his] *lustful disposition*. [Cits.]" Id. at 216-

217. However, applying the prior decisions by the court, we are unable to say that an inference could not be made as to King's state of mind from the presence in his home of the pictures. Accordingly, the trial court did not err in allowing his testimony. See *Stamey*, supra at 307-308 (2).

3. Over King's objection, the trial court allowed the State to use a certified copy of King's prior conviction for theft of auto parts in cross-examining a character witness called by King. King contends this ruling was error.

The witness involved was a neighbor of King's. King called her to the stand and attempted to question her as to her knowledge of the victim's general reputation for veracity in the community. However, he first asked her whether she had ever discussed the victim with other people in the community, and she denied that she had. When defense counsel then asked the witness if she had any knowledge as to the victim's reputation for veracity in the community, the trial court sustained an objection to this line of questioning made by the State on the ground that no proper foundation had been laid.

Despite this ruling by the trial court, defense counsel persisted in questioning the witness, asking her whether her "female children had been around" King, to which the witness gave a rambling reply recounting numerous ways in which King had been a help to her family and generally depicting him as a fine person. Outside the presence of the jury, the State then sought permission to cross-examine the witness using a certified copy of King's 1977 conviction for theft of auto parts. The State argued that King, through the testimony of this witness, had placed into evidence testimony regarding his good character, and the state therefore should be allowed to use the prior conviction to mitigate or counteract this impression. The trial court agreed that King had put his character in issue and permitted the State to introduce the conviction for cross-examination purposes. We find no error.

Testimony resulting from mere inadvertence will not be construed as placing in issue the defendant's character. A defendant must make a deliberate election to place his good character in evidence. See *Jones v. State*, 257 Ga. 753, 758 (1) (363 SE2d 529) (1988); *Ledford v. State*, 202 Ga. App. 694, 696 (1) (415 SE2d 693) (1992). King's stated purpose for calling this witness was to discredit the victim by showing she had a reputation for lying. Although the testimony given may not have authorized a charge on good character, see *Johnson v. State*, 261 Ga. 419, 420 (4) (405 SE2d 686) (1991), we cannot say that the testimony was "inadvertent." The defense continued questioning the witness despite having failed to lay the required foundation for the reputation testimony it had sought. We can conceive of no purpose, nor has King offered one, for the continued questioning

of the witness along the lines taken, other than a deliberate effort to show that King was a person of good character with whom others trusted their female children.

Whether a statement making reference to the defendant's good character is merely inadvertent or manifests a conscious election is a question of fact, determined primarily upon the trial court's assessment of the intent of the accused and his counsel. Such factual and credibility determinations are generally accorded great deference by a reviewing court. See *Mann v. State*, 196 Ga. App. 730, 731 (3) (397 SE2d 17) (1990) (motion to suppress); *George v. State*, 262 Ga. 436, 437 (2) (421 SE2d 67) (1992) (whether State has rebutted prima facie showing of *Batson* violation); *Yearwood v. State*, 198 Ga. App. 389 (2) (401 SE2d 558) (1991) (voluntariness of custodial statement). Given the circumstances here, we do not find clearly erroneous the trial court's determination that a conscious election had been made by the accused or counsel to put forward evidence of King's good character.

4. The count of child molestation for which appellant was convicted alleged that he did the indecent and immoral acts of lifting his minor daughter's nightgown and lying on top of her. Although these acts immediately preceded the incestuous act of intercourse between father and daughter, the trial court correctly determined that they did not merge as a matter of fact by operation of OCGA § 16-1-7 (a) (1). "Under the evidence, two sequential but entirely separate crimes were committed against the same victim and a conviction and sentence for both crimes was authorized. [Cit.]" *Stroud v. State*, 193 Ga. App. 82, 83-84 (4) (387 SE2d 37) (1989).

*Judgments affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 15, 1993.

*Dickinson, Noel & Peeples, David F. Dickinson*, for appellant.
*Alan A. Cook, District Attorney, William K. Wynne, Jr., Assistant District Attorney*, for appellee.