## A98A0610. TYSON v. THE STATE.
### (503 SE2d 640)

POPE, Presiding Judge.

Defendant John Tyson was convicted following a jury trial of child molestation, aggravated child molestation, distribution of obscene materials and aggravated sodomy.[1] Defendant filed a motion for new trial, which was denied, and then appealed to this Court.

1. Defendant first enumerates as error the admission of similar transaction evidence on the grounds that the similar acts were too remote. We agree with defendant and reverse. The similar evidence witness, Mabel Gregg, was born in September 1945 and was 51 years old at the time of trial. She testified she first met the defendant when she was eight, and that he was a family friend who helped out her very large and very poor family. Gregg further testified that defendant began hugging, kissing and fondling her when she was about 11 years old and that over time he began performing oral sex on her. Gregg testified that any sexual activity with the defendant ended by the time she was 16, which was in 1961. The State presented evidence that the defendant began fondling the victim's breasts and vagina in approximately 1988, when she was around eight or nine years old and that by the time she was twelve or thirteen years old the defendant was performing oral sex on her, attempting to have sexual intercourse with her, and using a vibrator on her genitals. The offenses charged in the indictment were alleged to have occurred between 1990 and 1994.

In *Gilstrap v. State*, 261 Ga. 798 (410 SE2d 423) (1991), our Supreme Court considered the question of when similar transaction events that are remote in time should be excluded. While seeming to approve cases which allowed admission of similar transaction evidence which had occurred 11 and 19 years before the crimes now being prosecuted, the court went on to hold that "[i]t should be clear, however, that an event 31 years in the past is too remote." Id. at 799. In this case, part of the similar transaction witness' testimony con-

---

[1] The trial court merged the aggravated sodomy conviction into the conviction for aggravated child molestation for the purpose of sentencing.

cerned events which happened 40 years ago. The time span between the last act perpetrated upon the similar evidence witness and the first act of molestation perpetrated on the victim in this case was approximately 27 years. We agree with the defendant that under these facts the trial court should have found the similar transaction evidence inadmissible. Although in other sexual abuse cases this Court has allowed the admission of similar transaction evidence which was more than 20 years removed from the present offenses, our review of those cases shows they involve either a continuous course of criminal conduct, often involving different generations of the same family, see, e.g., *Nichols v. State*, 221 Ga. App. 600, 601-602 (3) (473 SE2d 491) (1996); *Snow v. State*, 213 Ga. App. 571, 572 (2) (445 SE2d 353) (1994); *Starnes v. State*, 205 Ga. App. 882, 883 (1) (424 SE2d 4) (1992), or situations in which the defendant has been incarcerated for some of the intervening time, see, e.g., *Moore v. State*, 207 Ga. App. 412, 415-416 (1) (b) (427 SE2d 779) (1993). As the defendant points out, there is no evidence of a continuing course of conduct in the case at bar, and no evidence of incarceration. And we also agree with defendant that the error in admitting the evidence was exacerbated by the trial court's failure to instruct the jury that the evidence was being introduced for a limited purpose at the time it was admitted, although the court did so instruct the jury during the final charge. Under these circumstances, we agree with the defendant that the trial court erred in admitting the similar crimes evidence, and that since it is highly probable that the introduction of this prejudicial evidence contributed to the verdict, that defendant's conviction must be reversed because of this error.

2. Defendant next argues that the trial court erred in excluding evidence that the victim had made prior false allegations of sexual molestation against another man. The transcript shows that the other man pled guilty to sexual battery after the victim reported that he put his hand inside her bathing suit bottom. However, the record also shows that the victim told authorities that the man molested her in other ways, and she admitted outside the presence of the jury that she "made a bunch of stuff up" and "lied or exaggerated about some things" involving the incident with the other man. We agree with defendant that evidence concerning these false allegations of molestation should have been admitted. "In *Smith v. State*, 259 Ga. 135, 136 (1) (377 SE2d 158) [(1989)], the Supreme Court of Georgia held that, subject to a threshold determination, evidence of prior false allegations by a molestation victim does not fall within the proscription of rape-shield laws and that such evidence may be admitted. However, before admitting evidence of prior false accusations the trial court, outside the presence of the jury, must determine that a reasonable probability of falsity exists. The threshold determination

is included in the procedure mandated by the Supreme Court for the express purpose of protecting the prosecutrix from unfounded allegations that she has made false allegations in the past. . . ." (Citations omitted.) *Hines v. State*, 221 Ga. App. 193 (470 SE2d 787) (1996). The trial court apparently concluded that because an act of sexual misconduct had occurred, and the perpetrator had pled guilty to sexual battery, there was no "reasonable probability" that the allegations were false. But this finding was clearly erroneous. The facts here do not show a reasonable probability of falsity but a certainty that false allegations were made, because the victim admitted that she fabricated part of what she said the other man did to her. Although the defendant should not have been allowed to question the victim about the one part of her accusation that she never recanted (i.e., that the other man put his hand in her bathing suit) the jury should have been allowed to hear evidence concerning the accusations that were false in order to allow the jury to assess the victim's credibility. *Smith v. State*, 259 Ga. at 136 (1), supra; *Hines v. State*, 221 Ga. App. at 194; *Strickland v. State*, 205 Ga. App. 473, 474 (422 SE2d 312) (1992).

3. Defendant argues the trial court erred in admitting nude photographs of his wife. We agree that the trial court erred in admitting these photographs. The photographs were found in a locked box placed in an envelope marked "please do not open, for my wife only." The defendant took these photographs of his wife approximately 25 to 30 years ago. The victim testified that she thought the envelope contained a letter for the defendant's wife, to be opened when he died.

"The true issue is whether the evidence sought to be excluded by the defendant is admissible to show defendant's bent of mind toward the *sexual activity with which he was charged* or defendant's *lustful disposition*." *Helton v. State*, 206 Ga. App. 215, 216-217 (424 SE2d 806) (1992). There is no evidence that the defendant ever showed the photographs to the victim, that she was aware the photographs existed or that the photographs were used in any way, shape or form in the crimes committed. The State argues that the photographs were admissible because they showed defendant's propensity to take nude photographs of women (the victim testified the defendant took nude photographs of her, but no photographs were ever found) and because they showed the defendant's lustful disposition. But the fact that the defendant took nude photographs of his wife 25 or more years ago does not show either of these things. We agree with the defendant that these photographs were irrelevant and prejudicial, and that the trial court erred in admitting them over defendant's objection at trial.

4. We have examined defendant's remaining enumerations of

error and find they are either without merit or unlikely to recur on retrial.

*Judgment reversed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 3, 1998.

*Laura D. Hogue, Franklin J. Hogue,* for appellant.

*Kelly R. Burke, District Attorney, Kirsten L. Searle, A. James Rockefeller, Katherine E. Kelley, Amy E. Lambert, Assistant District Attorneys,* for appellee.