## S99G0245. SIMPSON v. THE STATE.
### (523 SE2d 320)

THOMPSON, Justice.

Simpson was convicted of one count of statutory rape and one count of child molestation. The victim was the 14-year-old sister of Simpson's girlfriend. On appeal, Simpson assigned error to the introduction of sexually explicit letters which Simpson had written to his girlfriend after the incident in question. The letters contained no reference to the victim or to young girls in general. They did, however, indicate that Simpson liked to perform oral sex; and the victim testified that Simpson performed such an act upon her. The Court of Appeals found no error and affirmed, ruling:

> The trial court did not commit reversible error by admitting sexually explicit letters Simpson wrote to the victim's sister. "When a defendant is charged with sexual offenses, pornographic videotapes and pictures found lawfully in his possession are relevant and admissible . . . to show defendant's lustful disposition." *Altman,* 229 Ga. App. [769,] 771 (4) [(495 SE2d 106) (1997)]. It follows that a pornographic letter the defendant composed would be admissible for the same purpose. *Miller v. State,* 219 Ga. App. 213, 217 (3) (464 SE2d 621) (1995) (video of child molester committing autoerotic acts admissible).

*Simpson v. State,* 234 Ga. App. 729, 731 (507 SE2d 860) (1998).

This Court granted a writ of certiorari and inquired as follows: In a prosecution for a sexual offense, what limits should be placed on the admissibility of physical evidence of a sexual nature, such as

writings, drawings, photographs, or paraphernalia connected with the defendant, and for what purposes should such evidence be admitted?

1. Our courts have permitted the State to introduce evidence of defendant's possession of sexually explicit material simply because such material is relevant to show defendant's "lustful disposition" or "bent of mind" toward "sexual activity." See, e.g., *Holman v. State*, 202 Ga. App. 57, 58 (2) (413 SE2d 234) (1991); *Stamey v. State*, 194 Ga. App. 305, 307 (2) (390 SE2d 409) (1990); *Thompson v. State*, 187 Ga. App. 563 (370 SE2d 819) (1988); *Tyler v. State*, 176 Ga. App. 96 (335 SE2d 691) (1985); *Wilcoxen v. State*, 162 Ga. App. 800 (292 SE2d 905) (1982). On occasion, our courts have acknowledged that that standard was too broad. After all, an "interest in sexual activity does not necessarily point to deviant behavior, even circumstantially." *King v. State*, 209 Ga. App. 529, 530 (433 SE2d 722) (1993). Accordingly, in *Helton v. State*, 206 Ga. App. 215 (424 SE2d 806) (1992), the Court of Appeals set out to circumscribe the "lustful disposition" or "bent of mind" toward "sexual activity" standard by requiring the state to show a connection between the sexual paraphernalia and the crime charged:

> [W]e hereby clarify that the issue is not whether the evidence sought to be admitted shows defendant's bent of mind toward "sexual activity." The true issue is whether the evidence sought to be excluded by the defendant is admissible to show defendant's bent of mind toward the *sexual activity with which he was charged* or defendant's lustful disposition. [Cits.]

Id. at 216-217. Accord *Tyson v. State*, 232 Ga. App. 732, 734 (503 SE2d 640) (1998); *King v. State*, supra. However, because *Helton* used the conjunctive "or," it still allowed for the introduction of sexual paraphernalia to show "defendant's lustful disposition." Thus, under *Helton*, sexually explicit material could be introduced even if it had no connection whatsoever to the crime charged.

Thereafter, in *Caldwell v. State*, 263 Ga. 560, 564 (13) (436 SE2d 488) (1993), this Court cited *Helton* for the proposition that evidence of the defendant's possession of sexually explicit material was admissible to show defendant's "bent of mind toward the sexual activity with which he was charged *and* his lustful disposition." (Emphasis supplied.) Because *Caldwell* used the conjunctive "and" to link sexual activity and lustful disposition, it further narrowed the standard set forth in *Helton*. In *Phagan v. State*, 268 Ga. 272, 282 (6) (486 SE2d 876) (1997), however, we cited *Holman v. State*, supra, and, seemingly resurrected the previous, overly broad rule: "Sexual

paraphernalia found in the search of appellant's home was admissible to show lustful disposition despite not having been recognized by the minor as a device used by appellant with her."

Because the case law has been unclear and unsettled, we take this opportunity to put forth a clear and cogent rule: In a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.

2. The question which we posed in this case was predicated on the assumption that the letters Simpson wrote to his girlfriend were admitted in evidence. However, an examination of the record shows that that was not the case. In fact, the trial court sustained Simpson's objection to the admission of the letters and specifically ruled that they were not admissible. At that point, the prosecutor announced that he would question Simpson about the letters, and he then asked Simpson to read the letters. Simpson proceeded to read the letters *without objection*. It is that testimony which appears in the record; the letters themselves do not. Because Simpson's objection to the letters was sustained and he did not object when he was asked to read the letters, we do not decide whether the letters or their contents were admissible. *Spear v. State*, 270 Ga. 628, 631 (5) (513 SE2d 489) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1999 —
RECONSIDERATION DENIED DECEMBER 17, 1999.

*Carl S. Free, Mary C. Harris,* for appellant.
*N. Stanley Gunter, District Attorney, Lynn Akeley-Alderman, Assistant District Attorney,* for appellee.