## A02A0729. WORMLEY v. THE STATE.
### (565 SE2d 530)

MIKELL, Judge.

Neil Wormley was indicted for two counts of child molestation and one count of public indecency. After a bench trial, he was convicted of both child molestation counts and acquitted of public indecency. Wormley appeals from the denial of his motion for new trial, challenging only the sufficiency of the evidence. We affirm.

On appeal, we do not reweigh the evidence but view it in a light most favorable to the verdict. *Cochran v. State*, 248 Ga. App. 705 (548 SE2d 417) (2001). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed most favorably to the verdict, the evidence shows that on July 4, 2000, the victims, two girls aged nine and ten, went swimming together in the lake at Matthews Park in Monroe while their families picnicked nearby. The girls were accompanied by a 13-year-old boy named Jacob, whose mother was a friend of the older girl's family. The girls testified that a stranger, subsequently identified as Wormley, approached them and asked for their names, addresses, telephone numbers, and whether they had websites. The children testified that they did not answer the man truthfully because they had been told not to talk to strangers.

During the conversation, the older child felt something like a single finger touch the front of her thigh at least five times. The younger girl testified that she felt the palm of a hand swipe her knees three or four times. Wormley's arms were under the water, so the children could not see his hands. While this was happening, the younger child testified, Wormley would duck under the water, emerge, and say he was sorry.

The children testified that at Jacob's insistence, they tried to swim away from Wormley, but he followed them. The girls got out of the lake and went over to the older child's parents, but they did not mention Wormley at that time. Later, they went swimming again.

The older girl testified that Wormley came up behind her, and she felt a hand "thumping" the lower part of her spine. The child left the water and told her mother.

The child's father went running down to the water and saw Wormley floating on his stomach in the shallow end. Wormley was naked, and his swim trunks were lying on shore approximately 30 feet away. The father got the trunks and told Wormley to get dressed, but when Wormley tried to stand up unclothed, the father hit him. Wormley did not resist; he put his trunks on in the water and exited the lake. The older girl's grandparents, who witnessed this incident, testified that Wormley had an erection.

Wormley testified that he had recently separated from his wife and was living out of his truck. He claimed that he enjoyed engaging in conversation with young girls and that he touched these girls accidentally. He offered no explanation for his erection, however. Moreover, when the prosecutor asked Wormley whether it was conceivable that he touched the girls for an inappropriate purpose, he replied, "I used to think that maybe I had a thing for younger women." Wormley claimed, however, that he found out after having a daughter that he had "no problems that way."

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). Wormley argues that the state failed to prove that he engaged in any "immoral or indecent" act within the meaning of the statute because the girls did not know that he was naked or had an erection while he was touching them. We disagree.

The fact that the murky lake water obscured Wormley's state of sexual arousal is irrelevant. Immoral or indecent acts constituting child molestation refer to acts "generally viewed as morally indelicate or improper or offensive . . . [and] acts which offend against the public's sense of propriety." (Citation and punctuation omitted.) *Chapman v. State*, 170 Ga. App. 779, 780 (1) (318 SE2d 213) (1984). "As explained in *Chapman*, the Georgia law against child molestation . . . afford[s] protection to a child's body in those cases where the act or acts are more suggestive of sexually oriented misconduct than simply assaultive in nature." *Smith v. State*, 178 Ga. App. 300, 301 (1) (342 SE2d 769) (1986). The testimony in the case at bar supports the conclusion beyond a reasonable doubt that Wormley's actions, including touching the girls, following them, and asking them personal questions, were "immoral or indecent" within the meaning of OCGA § 16-6-4 (a). In addition, the evidence was more than sufficient for the trier of fact to conclude that Wormley touched the children with the intent to arouse his sexual desires. See, e.g., *Arnold v. State*,

249 Ga. App. 156, 158 (1) (a) (545 SE2d 312) (2001) ("Intent, which is a mental attitude, is commonly detectable only inferentially, and the law accommodates this.").

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MAY 10, 2002.

*Joseph S. Rhymer,* for appellant.

*W. Kendall Wynne, Jr., District Attorney, Alan A. Cook, Assistant District Attorney,* for appellee.