## A97A1139. BOWMAN v. THE STATE.
### (490 SE2d 163)

BEASLEY, Judge.

Randall Lee Bowman was indicted on charges of child molestation (OCGA § 16-6-4) and burglary (OCGA § 16-7-1 (a)). The child molestation count charged Bowman "with the offense of CHILD MOLESTATION (16-6-4), A FELONY for that the said accused . . . did unlawfully commit an indecent act, to wit: accused did solicit C. S. (initials), a child under the age of 14 years, to engage in sexual intercourse and sodomy, and did request the said C. S. (initials), to place a condom on his penis, contrary to the laws of [Georgia], the good order, peace and dignity thereof." The burglary count accused Bowman of unlawfully entering the child's residence with the intent to commit child molestation.

At trial, the 13-year-old victim testified that in the early hours of June 28, 1995, Bowman entered her bedroom through the window without authority. He asked the child if he could suck her breasts, if he could have sexual intercourse with her, and if he could perform oral sex on her. He showed her a condom and asked if she would put it on his penis. He lay down on her bed and exposed his penis to her. She went and told her mother, who testified that when she arrived at the child's bedroom, she found Bowman lying on the child's bed with his pants unzipped. After he asked her not to turn him in, she showed him the door and called police, who came and found a bent screen at the child's bedroom window and a condom wrapper in the room on top of her teddy bear. Bowman later told the police it was his condom wrapper. He was convicted on both counts.

Bowman filed a motion for new trial on general grounds as to

both counts and a motion in arrest of judgment as to child molestation on the ground that the indictment was legally insufficient to charge a violation of OCGA § 16-6-4. He appeals the denial of both motions but pursues no challenge to the burglary conviction.

1. "A challenge to the sufficiency of the substance of the indictment can be made after trial by means of a motion in arrest of judgment." *Bramblett v. State*, 239 Ga. 336, 338 (1) (236 SE2d 580) (1977). See OCGA § 17-9-61. Bowman argues the indictment fails to allege an essential element of child molestation "because solicitation of a child to engage in sexual activities is not an indecent 'act' sufficient to constitute the crime of child molestation in the absence of any allegation of defendant's intent with regard to such solicitation."

"A motion to arrest judgment due to a defective indictment should be granted only where the indictment is absolutely void. [Cit.]" *Campbell v. State*, 223 Ga. App. 484, 485 (3) (477 SE2d 905) (1996). "In attacking an indictment after the verdict, every presumption and inference is in favor of the verdict. [Cit.] By failing to file a demurrer before trial, [Bowman] waived his right to a perfect indictment. [Cit.]" *Staples v. State*, 199 Ga. App. 551 (405 SE2d 551) (1991). See *Clarington v. State*, 178 Ga. App. 663, 667 (6) (344 SE2d 485) (1986) (" 'After conviction, an indictment will be construed most strongly in favor of the State' "); *King v. State*, 103 Ga. App. 272, 275 (1) (119 SE2d 77) (1961).

OCGA § 16-6-4 (a) defines child molestation as occurring when a person "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." The issue is whether soliciting a child to engage in the conduct described in the indictment, which solicitation Bowman refers to as an "inchoate" act because no touching occurred, sufficiently describes an act of child molestation where no specific intent of Bowman is alleged.

Immoral or indecent acts constituting child molestation refer to "acts which offend against the public's sense of propriety as well as to . . . acts . . . more suggestive of sexually oriented misconduct [to a child's body] than simply assaultive in nature." *Chapman v. State*, 170 Ga. App. 779, 780 (1) (318 SE2d 213) (1984). An "act generally viewed as morally and sexually indelicate, improper and offensive" can constitute child molestation. Id. "A child's mind may be victimized by molestation as well." *Smith v. State*, 178 Ga. App. 300, 301 (1) (342 SE2d 769) (1986). "The child molestation statute [was] enacted as part of a general legislative scheme to protect children under the age of 16 from physical and psychological damage resulting from sexual exploitation. [Cits.]" *State v. Vines*, 226 Ga. App. 779, 780 (487 SE2d 521) (1997). Thus, showing and describing the use of a condom to a child while having an erection, exposing one's penis to a child, or

requiring a child to dance naked for the defendant have been held to be child molestation, even though in none of these cases did the defendant touch the child. *Smith v. State*, supra; *Gunter v. State*, 215 Ga. App. 517, 519 (3) (451 SE2d 108) (1994); *Thompson v. State*, 187 Ga. App. 563 (2), 564 (370 SE2d 819) (1988).[1]

Based on these considerations, we recently held valid a child molestation indictment "alleging that [the defendant] initiated a conversation with the child about sexual acts including fondling of private parts, intercourse and oral sodomy." *Vines*, supra at 781. "The sexually exploitative nature of the alleged act is not altered by the fact that it involved speech unaccompanied by other acts. Accordingly, the allegation of the conversation alone, without any further allegation of physical contact with the child or other conduct by [the defendant], was sufficient to satisfy the statutory requirement in OCGA § 16-6-4 (a) that the accused committed an 'immoral or indecent act.'" Id.

Bowman's indictment accuses him of soliciting a child to engage in sexual intercourse and sodomy and of asking the child to place a condom on the defendant's penis, which acts could offend the public's sense of propriety, suggest sexually oriented misconduct to the child's body, and be viewed as morally and sexually indelicate, improper and offensive. These acts, which victimize the child's mind, are not inchoate but are in and of themselves violative of the statute. *Vines*, supra. Citing *Wittschen v. State*, 259 Ga. 448 (383 SE2d 885) (1989), Bowman claims such acts can at most constitute attempted child molestation. *Wittschen*, however, holds that soliciting a child on a public highway to engage in sexual misconduct may constitute attempted child molestation; it does not address whether such may also constitute child molestation.

Bowman argues that the indictment's failure to allege that he committed the acts of solicitation with the intent to arouse or satisfy his or the child's sexual desires is fatal. "It is an elementary rule of criminal procedure that an indictment should contain a complete description of the offense charged, and that there can be no conviction unless every essential element thereof is both alleged in the indictment and proved by the evidence. However, an indictment *substantially* in the language of the Code is sufficient in form and substance. Where the indictment alleges an offense, . . . and alleges that the act was unlawfully committed, and that it was contrary to the laws of the State, and employs language from which it must necessarily be inferred that the criminal intent existed, it is not void

---

[1] Though proven at trial, Bowman's exposing his penis to the child was not alleged in the indictment, so we do not consider this fact in determining the sufficiency of the indictment, although it is relevant to the sufficiency of the evidence issue.

because it fails to *expressly* allege the criminal intent." (Citations and punctuation omitted; emphasis in original.) *Hammock v. State*, 201 Ga. App. 614, 615-616 (1) (b) (411 SE2d 743) (1991). "In the context of 'child molestation,' the word [indecent] would alert a defendant that he or she was being charged with committing an unlawful act with a lustful intent against a child. Such an act would inherently be for someone's sexual gratification. The only parties involved in the act of child molestation, i.e., those who could receive gratification from the act, would be the perpetrator or the child victim. . . . [T]he language that the act was contrary to state law and its good order, peace and dignity makes clear that the act was committed unlawfully. From the indictment as a whole, the existence of the requisite criminal intent is implicit. The indictment was not void as a matter of law." Id. at 616. Compare *Frost v. State*, 200 Ga. App. 267, 268 (2) (407 SE2d 765) (1991) (indictment which states the defendant acted "unlawfully" sufficiently alleges intent necessary for first degree arson).

Not only does Bowman's indictment contain the elements found sufficient in *Hammock*, but it also specifically refers to the child molestation Code section by its section number. *Jones v. State*, 206 Ga. App. 604, 605 (2) (426 SE2d 179) (1992), noted "that this entire issue [of the indictment's sufficiency] could have been avoided by the simple expediency of referring to the relevant Code section in the accusation. [Cits.]" See *State v. Howell*, 194 Ga. App. 594, 595 (391 SE2d 415) (1990) (reference to Code section in indictment cures failure to allege specific intent).

Bowman cites *Smith v. Hardrick*, 266 Ga. 54 (464 SE2d 198) (1995), for the proposition that the indictment must always allege specific intent where such is an element of the crime. *Hardrick* found an indictment on a charge of aggravated assault fatally defective where it alleged only that the defendant placed his hands around the victim's neck and used his hands to apply pressure to her neck contrary to the law. *Hardrick* is distinguishable in that one could not infer the required intent to murder, rape or rob from such allegations. See OCGA § 16-5-21. But accusations of soliciting children to engage in sex acts implicitly include an intent to arouse or satisfy the defendant's or child's sexual desires. Moreover, the *Hardrick* indictment referenced no Code section.

The indictment satisfied the three reasons given in *Frost*, supra at 267-268 (2), for requiring specificity, accuracy, and completeness in an indictment.

2. In his second enumeration of error Bowman claims that the trial court erred in denying his motion for new trial in that the evidence of mere solicitation was insufficient to support the jury's verdict. The denial of a motion for new trial is subject to an abuse of discretion standard. OCGA § 5-5-21; *Hayden v. Sigari*, 220 Ga. App. 6, 9

(3) (467 SE2d 590) (1996).

Not only was the evidence of the acts of solicitation sufficient to convict Bowman of child molestation, but the evidence that Bowman exposed his penis to the child victim was alone sufficient for a conviction. *Gunter v. State*, supra at 519 (3); *Hathcock v. State*, 214 Ga. App. 188, 189-190 (2) (447 SE2d 104) (1994); *Bentley v. State*, 179 Ga. App. 287 (1) (346 SE2d 98) (1986). It was not error to deny a new trial.

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 25, 1997.

*Billy I. Daughtry, Jr.*, for appellant.

*Lindsay A. Tise, Jr., District Attorney, Kathleen R. Johnson, Assistant District Attorney*, for appellee.