## A02A0053. DANDY v. THE STATE.
### (559 SE2d 150)

MIKELL, Judge.

Duran Dandy was cited for improper lane change on March 19, 2001. He appeared in court on April 19, 2001, where he entered a plea of not guilty. He did not file a pre-trial demurrer or objection to

---

the uniform traffic citation. After a trial, Dandy was adjudicated guilty and fined $101. Approximately one month later, Dandy filed a motion for new trial and motion in arrest of judgment. The court denied the motions, and this appeal followed. We affirm the conviction.

In the sole error raised on appeal, Dandy claims that the trial court erred in denying his motion in arrest of judgment, because his prosecution was barred by the two-year statute of limitation for misdemeanor offenses, OCGA § 17-3-1 (d). The traffic citation was dated: "March (Day) 19 (Yr.) 01" and was file stamped "MAR 20 2001." He contends that "the offense is alleged to have occurred in the year '01,' which would be 2000 years ago," and that because the citation was filed on March 20, 2001, the prosecution was barred by the two-year statute of limitation. We recognize that in criminal cases, the statute of limitation runs from the time of the crime to the time of the indictment. *Cain v. State*, 144 Ga. App. 249 (1) (240 SE2d 750) (1977). But we reject Dandy's argument and conclude that the trial court did not err in denying the motion in arrest of judgment.

First, even assuming, arguendo, that the abbreviated date on the citation was a defect, it was not error to deny Dandy's motion, because the abbreviation was clearly amendable. OCGA § 17-9-61 (a) provides that "[w]hen a judgment has been rendered, either party may move in arrest thereof for any defect *not amendable* which appears on the face of the record or pleadings." (Emphasis supplied.) If Dandy had filed a demurrer or objection to the citation, the state certainly would have been able to amend the alleged defect or issue a formal accusation. *Smith v. State*, 239 Ga. App. 515, 517 (2) (521 SE2d 450) (1999).

Significantly, in *Bowman v. State*, 227 Ga. App. 598 (490 SE2d 163) (1997), we held that

[a] motion to arrest judgment due to a defective indictment should be granted only where the indictment is absolutely void. In attacking an indictment after the verdict, every presumption and inference [are] in favor of the verdict. By failing to file a demurrer before trial, [the defendant] waived his right to a perfect indictment.

(Citations and punctuation omitted.) Id. at 599 (1). Thus, in the case sub judice, Dandy waived his right to a perfect traffic citation by not filing a demurrer or objection. Additionally, because we must construe every presumption and inference in favor of the verdict, we can infer that "01" was an abbreviation for the year 2001 and, therefore, that the citation was filed one day after the crime was committed, rather than 2000 years later. See id. The fact that Dandy appeared

for trial on April 19, 2001, when the citation ordered him to appear on "19 day of April, Yr. 01" demonstrates that he understood that "01" referred to the year 2001.

Further, the abbreviation contained in the date does not render the citation "absolutely void" as contemplated in *Bowman*. See also *Thomas v. State*, 233 Ga. App. 224, 225 (1) (504 SE2d 59) (1998). "[I]t has long been the law that where the date alleged in the indictment or accusation is not a material element of the offense, the state may prove the offense as of any date within the statute of limitation." (Citations and punctuation omitted.) *Melton v. State*, 174 Ga. App. 461, 462 (1) (330 SE2d 398) (1985). OCGA § 17-9-63 provides that "[n]o motion in arrest of judgment shall be granted for any matter not affecting the real merits of the offense charged in the indictment or accusation." The abbreviated date did not affect the real merits of the offense of improper lane change. Accordingly, we find no error and affirm Dandy's conviction.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 23, 2002.

*Patterson & Patterson, Jackie G. Patterson*, for appellant.
*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General*, for appellee.