### A03A0552. PITTS v. THE STATE.
(581 SE2d 306)

BLACKBURN, Presiding Judge.

Following a bench trial, Antoine K. Pitts appeals his conviction for disrupting a public school, contending that: (1) the evidence was insufficient to support the verdict and (2) the trial court erred by denying his motion in arrest of judgment in which he argued that the indictment against him was void.[1] For the reasons set forth below, we affirm.

1. Pitts contends that the evidence was insufficient to support the verdict. We disagree.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the

---

[8] See OCGA § 9-12-16.

[1] Pitts also argued that the statutory provision criminalizing disruption of a public school is unconstitutionally vague, both in a separate oral motion and in his motion for arrest of judgment. After transferring this case to the Supreme Court of Georgia under its constitutional question jurisdiction, the Supreme Court found that Pitts waived these constitutionally based arguments on appeal, stating: "[B]ecause the [constitutional] issue was not both raised *and* 'distinctly passed on,' the appeal must be and hereby is returned to the Court of Appeals for a ruling on the other issues properly on appeal."

defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2] Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Footnote omitted.) *Phagan v. State*.[3]

Viewed in this light, the record shows that, on the morning of December 17, 2001, Pitts and another student of North Clayton High School engaged in a fistfight just outside the front entrance of the school. Although classes had not yet begun, students were being dropped off to start the school day at that time, and the altercation between Pitts and the other student began to draw a large crowd of spectators. It took approximately four school administrators and a police officer to stop the fight. This evidence of Pitts' involvement in the altercation was sufficient to support his conviction for disruption of a public school pursuant to OCGA § 20-2-1181.

2. Pitts further contends that the trial court erred by denying his motion in arrest of judgment because the indictment brought against him was void. Again, we disagree.

The record shows that Pitts was indicted for "unlawfully disrupt[ing] and interfer[ing] with the operation of any public school [on December 17, 2001]." Two weeks after a verdict had been entered against him, Pitts filed a written motion in arrest of judgment, contending that the indictment was defective on its face because it failed to specifically state either the nature of Pitts' violation or the name of the public school where the violation occurred.

> A motion to arrest judgment due to a defective indictment should be granted only where the indictment is absolutely void. In attacking an indictment after the verdict, every presumption and inference [are] in favor of the verdict. By failing to file a demurrer before trial, [the defendant] waived his right to a perfect indictment.

(Citations and punctuation omitted.) *Bowman v. State*.[4]

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

[4] *Bowman v. State*, 227 Ga. App. 598, 599 (1) (490 SE2d 163) (1997).

In this case, because we must construe every presumption and inference in favor of the verdict, we can infer that the indictment referred to the fistfight entered into by Pitts at North Clayton High School, the crime for which he was convicted. *Dandy v. State.*[5] Furthermore, contrary to Pitts' arguments, the indictment, which tracked the exact language of the actual statute he was convicted under, was not void. "The indictment adequately informed appellant of the charge he faced, and appellant could not admit all the allegations of the indictment and be innocent of the offense." *Burden v. State.*[6]

And, as noted earlier, our Supreme Court has previously ruled that Pitts waived all of the constitutionally based grounds in his motion in arrest of judgment.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 13, 2003.

*Robert L. Mack, Jr.*, for appellant.

*Keith C. Martin, Solicitor-General, Janet Smith-Taylor, Assistant Solicitor-General*, for appellee.

---

[5] *Dandy v. State*, 253 Ga. App. 407, 408 (559 SE2d 150) (2002).
[6] *Burden v. State*, 187 Ga. App. 778, 779 (2) (371 SE2d 410) (1988).