## S03A1238. HARDIN v. THE STATE.
### (587 SE2d 634)

FLETCHER, Chief Justice.

A jury in Bartow County convicted Gregory Hardin of trafficking in methamphetamine and driving without a license on his person.[1] Hardin argues that the statute under which he was convicted violates equal protection and that his detention and search at a police roadblock constituted an unconstitutional search and seizure. Because we find that the methamphetamine statute does not violate equal protection, and that the roadblock complied with the applicable constitutional requirements, we affirm his convictions.

1. The evidence presented at trial shows that early in the morning on December 29, 2001, Hardin was stopped at a police roadblock in Bartow County while driving a borrowed vehicle. He did not have a driver's license on his person. While the police were checking into Hardin's license status, a member of the Bartow County Drug Unit asked for permission to search the vehicle Hardin was driving. Hardin replied, "Sure, this is not my vehicle." The officer found a bag of methamphetamine weighing 151.4 grams on the floor of the vehicle. The police then placed Hardin under arrest and searched his person, finding $6,860 in his pockets.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Hardin guilty of the crimes for which he was convicted.[2]

2. Hardin contends that OCGA § 16-13-31 (e), which makes it a

---

[1] Hardin was arrested on December 29, 2001. On April 25, 2002, Hardin was indicted for Trafficking in Methamphetamine and Driving without a License on his Person. On June 20, 2002, the jury convicted Hardin on both counts. On July 2, 2002, Hardin was sentenced to serve ten years in prison and ten more on probation. Hardin moved for a new trial on July 16, 2002, and amended his motion on January 7, 2003. The trial court denied the amended motion on February 11, 2003, and Hardin filed his timely notice of appeal on February 21, 2003. The case was docketed in this Court on May 2, 2003, and submitted on the briefs on June 23, 2003.

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

felony to knowingly possess a mixture containing methamphetamine that exceeds 28 grams, violates equal protection of the laws because the statute contains no purity requirement. The lack of a purity requirement, Hardin claims, violates equal protection because defendants who are caught in possession of methamphetamine are not treated the same as defendants who are caught in possession of other Schedule II controlled substances, such as cocaine.

Hardin's argument has no merit because the legislature is under no duty to treat all drugs and drug offenders the same. "A criminal statute violates equal protection if it treats similarly-situated individuals differently by creating disparate categories among them."[3] Individuals are only "similarly-situated" if they are charged with the same crime or crimes.[4] In this case, Hardin was charged with trafficking methamphetamine, which is a separate crime from trafficking cocaine. The mere fact that cocaine and methamphetamine are both listed as Schedule II controlled substances does not mean that the legislature must enact identical statutes pertaining to those substances.

Hardin's equal protection argument must fail because the statute treats all those charged with methamphetamine trafficking equally.[5] It is unnecessary for this Court to determine the legislature's precise reason for treating cocaine and methamphetamine differently, or whether the legislative classification scheme is the best one available.[6] It is enough to recognize that the legislature can rationally employ different means to respond to the problems created by different drugs.

3. Hardin also contends that his detention and search at the police roadblock constituted an unconstitutional search and seizure. Hardin claims that the roadblock was employed primarily to uncover evidence of "ordinary criminal wrongdoing," as prohibited by the United States Supreme Court in *City of Indianapolis v. Edmond*.[7] In *Edmond*, the Supreme Court ruled that a roadblock established for the primary purpose of discovering illegal narcotics violated the Fourth Amendment of the United States Constitution.[8] Evidence at trial showed that the roadblocks in this case, however, were implemented as safety checkpoints based on a number of citizen complaints about drunken and reckless drivers in the area. Thus, the

---

[3] *Woodard v. State*, 269 Ga. 317, 321 (496 SE2d 896) (1998).
[4] Id. at 321-322.
[5] *Sims v. State*, 260 Ga. 782, 783 (399 SE2d 924) (1991).
[6] *Lavelle v. State*, 250 Ga. 224, 225 (297 SE2d 234) (1982).
[7] 531 U. S. 32, 41-42 (121 SC 447, 148 LE2d 333) (2000).
[8] Id.

roadblocks did not violate the United States or Georgia Constitutions.[9]

Hardin also contends that regardless of the purpose of the roadblock generally, he was illegally targeted because the police officers searched him due to their independent knowledge of his involvement with illegal drugs. It is unnecessary to determine whether police had proper probable cause to search Hardin's vehicle, however, because Hardin voluntarily consented to the search. "A valid consent eliminates the need for either probable cause or a search warrant."[10]

Hardin also asserts that the roadblock failed to meet the standards governing the proper employment of police roadblocks in Georgia, as established in *LaFontaine v. State*.[11] Hardin claims that the roadblock at which he was stopped violated the *LaFontaine* standards because it was an auxiliary roadblock, set up by police to stop drivers who were turning off the main road to avoid the primary roadblock, and because the auxiliary roadblock was not explicitly authorized by supervisory personnel in the Sheriff's office. It is not necessary, however, that supervisory personnel determine the precise location for a roadblock, so long as the decision to implement the roadblock was made by supervisory personnel rather than officers in the field.[12] Evidence presented at trial shows that Sheriff Clark Millsap explicitly instructed Captain Garmon to implement the roadblock, and thus that requirement is satisfied.

Hardin's remaining contentions involving the standards established in *LaFontaine* are patently without merit. All vehicles were stopped at the checkpoints, the delay to motorists was minimal, the roadblock was well identified as a police checkpoint, and the screening officers were sufficiently qualified to make initial determinations as to which motorists should be given field sobriety tests.

4. Hardin's claim that he did not voluntarily consent to the search of the vehicle he was driving has no merit.[13]

5. Finally, Hardin contends that the indictment charging him with methamphetamine trafficking was defective because it did not explicitly charge that Hardin had to "knowingly" be in possession of the contraband. The indictment was not defective, however, because it charged that Hardin had the methamphetamine "under his control," which is sufficient to infer the necessary criminal intent and to

---

[9] See *Michigan Dept. of State Police v. Sitz*, 496 U. S. 444 (110 SC 2481, 110 LE2d 412) (1990) (sobriety checkpoints to check driver's licenses and remove drunk drivers from the road do not violate Fourth Amendment); *State v. Swift*, 232 Ga. 535 (207 SE2d 459) (1974).

[10] *Dean v. State*, 250 Ga. 77, 80 (295 SE2d 306) (1982).

[11] 269 Ga. 251, 253 (497 SE2d 367) (1998).

[12] Id. at 252.

[13] *Raulerson v. State*, 268 Ga. 623, 625-626 (491 SE2d 791) (1997).

put Hardin on notice of the crime for which he is charged.[14] Hardin could not admit the allegations in the indictment and avoid the conviction. Therefore, Hardin's final argument is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 20, 2003.

*Vaughan & Evans, Lance T. McCoy*, for appellant.

*T. Joseph Campbell, District Attorney, Donald S. Smith, Assistant District Attorney*, for appellee.

---

[14] *Slakman v. State*, 272 Ga. 662, 670 (533 SE2d 383) (2000); *Farrar v. State*, 187 Ga. 401, 404 (200 SE 803) (1939); *Bowman v. State*, 227 Ga. App. 598, 600-601 (490 SE2d 163) (1997).