A07A1250. VELASQUEZ v. THE STATE.
(653 SE2d 518)

ADAMS, Judge.

On appeal from his conviction after a bench trial for driving under the influence (DUI), Alberto Velasquez argues that the trial court erred in denying his motion to suppress because the roadblock at which he was stopped was illegal. We find no error and affirm.

Where the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to these undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). As to questions of fact and credibility, however, we construe the evidence most favorably to the upholding of the trial court's findings and judgment, which must be accepted unless clearly erroneous. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

So viewed, the record shows that on the evening of November 19, 2005, a sergeant acting as shift supervisor for one of three zones covered by the Clayton County Police Department told his lieutenant that he wanted to set up a roadblock early the next morning. The sergeant decided that the primary purpose of the roadblock would be to detect DUI offenders and sought approval for a roadblock starting "around 2:00 or 2:30" in the morning. The lieutenant told the sergeant to "come up with an idea where [he] want[ed] to have one" and to "let [the lieutenant] know" where the roadblock would be.

At the morning shift's roll call, the sergeant "asked for three or four officers from each zone to show up" at the roadblock. The sergeant eventually chose Upper Riverdale Road west of Tara Boulevard as a location because it was near two of three zones. Eight to ten officers eventually arrived to work the roadblock, which used activated blue lights and traffic cones to stop traffic beginning at around 2:00 a.m. The sergeant observed the field officers ask for driver's licenses and proof of insurance, pulling over any driver who did not have the documents ready. All of the officers involved had been trained in determining whether field sobriety tests should be administered.

Velasquez stopped his car in the middle of the street, 200 feet from but within sight of the roadblock, and remained there for around 20 seconds while officers urged him forward. When one officer began walking toward Velasquez's vehicle, he drove through the roadblock, stopping beyond it when officers yelled at him to do so. As the officer asked for Velasquez's license, which he did not have, the officer noticed alcohol on Velasquez's breath. After obtaining Velasquez's consent, the officer administered field sobriety tests, took him into custody, and read the implied consent notice.

At the conclusion of the hearing on Velasquez's motion to suppress, the trial court found that (1) the sergeant was in a supervisory position, had obtained approval from his superior, and had set up the roadblock for legitimate purposes, (2) all vehicles had been stopped, (3) delay to motorists had been minimal, (4) the roadblock had been

"well identified," and (5) the field officers had been adequately trained.[1] On appeal, Velasquez challenges the first four of these findings.

It is true that "an individual's reasonable expectation of privacy is not subject to arbitrary invasions solely at the unfettered discretion of officers in the field." *Brown v. Texas*, 443 U. S. 47, 51 (II) (99 SC 2637, 61 LE2d 357) (1979), citing *Delaware v. Prouse*, 440 U. S. 648, 654-655 (99 SC 1391, 59 LE2d 660) (1979). With proper authority, however, the police are authorized to establish roadblocks for the purpose of detecting specific driving infractions. See *Michigan Dept. of State Police v. Sitz*, 496 U. S. 444 (110 SC 2481, 110 LE2d 412) (1990) (permitting roadblocks stopping all traffic to check for impaired drivers). As the Supreme Court of Georgia has explained:

> A roadblock is satisfactory where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as opposed to random vehicle stops; the delay to motorists is minimal; the roadblock operation is well identified as a police checkpoint; and the screening officer's training and experience is sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication.

(Punctuation omitted.) *LaFontaine v. State*, 269 Ga. 251, 253 (3) (497 SE2d 367) (1998), citing *State v. Golden*, 171 Ga. App. 27, 29-30 (318 SE2d 693) (1984).

Velasquez's primary argument is that the sergeant was not a "supervisory officer" for purposes of the roadblock and did not obtain approval for it. "It is not necessary, however, that supervisory personnel determine the precise location for a roadblock, so long as the decision to implement the roadblock was made by supervisory personnel rather than officers in the field." *Hardin v. State*, 277 Ga. 242, 244 (3) (587 SE2d 634) (2003), citing *LaFontaine*, 269 Ga. at 252. Pretermitting whether the sergeant was himself a supervisory officer, the record before us supports the trial court's factual finding that his lieutenant approved the idea for an early morning roadblock, leaving the question of its precise location to the sergeant. See *Carson v. State*, 278 Ga. App. 501, 501-503 (629 SE2d 487) (2006) (roadblock was legal when authorized by chief deputy sheriff, who approved its time and place); *Harwood v. State*, 262 Ga. App. 818, 819 (1) (a) (586

---

[1] The trial court granted Velasquez's motion concerning results of the horizontal gaze nystagmus test because no foundation had been laid for those results. This ruling is not at issue.

SE2d 722) (2003) (sergeant's authority to implement roadblocks came from the department's policy manual and from his supervisor, who had delegated the task to him).

We have reviewed the record, and conclude that it also supports the conclusions that all vehicles were stopped, that the delay to motorists was minimal, and that the roadblock was well identified. "The stop was made within the constitutional confines of a routine motorist roadblock," and Velasquez's arrest "was the result of his personal decision to operate a motor vehicle while in an intoxicated state." *LaFontaine*, 269 Ga. at 253.

For these reasons, the trial court did not clearly err when it denied Velasquez's motion to suppress.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 26, 2007.

*George C. Creal, Jr.*, for appellant.

*Leslie Miller-Terry, Solicitor-General, Janet Smith-Taylor, Assistant Solicitor-General*, for appellee.