A07A2481. IN THE INTEREST OF J. D., a child.
(655 SE2d 702)

BERNES, Judge.

The Coweta County Juvenile Court adjudicated 13-year-old J. D. delinquent for disrupting a public school in violation of OCGA § 20-2-1181. On appeal, J. D. challenges the sufficiency of the evidence to support the adjudication.[1] We affirm.

> On appeal from a [delinquency adjudication], the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)].

(Footnote omitted.) *Pitts v. State*, 260 Ga. App. 274, 274-275 (1) (581 SE2d 306) (2003). See also *In the Interest of D. D.*, 287 Ga. App. 512 (651 SE2d 817) (2007).

---

[1] J. D. also claims that OCGA § 20-2-1181 is unconstitutionally vague and overbroad. Because this claim was not raised and ruled upon in the trial court, it has not been preserved for appellate review. See *Tant v. State*, 226 Ga. 761 (177 SE2d 484) (1970); *Hammontree v. State*, 283 Ga. App. 736, 738 (1), n. 2 (642 SE2d 412) (2007); *Williams v. State*, 277 Ga. App. 106, 108 (2) (625 SE2d 509) (2005).

So viewed, the trial evidence shows that J. D., a student at Lee Middle School, was assigned to in-school suspension ("ISS"). The paraprofessional assigned to the ISS classroom testified that when J. D. entered the classroom on April 13, 2007, he was "very angry" and "belligerent." J. D. was also "mumbling things under his breath" and refused to comply with her instructions. He refused to work on his assignments and was "throwing the papers off the desk." When J. D. protested, stating, "I'm not going to do this work," the other students in the classroom started laughing. The paraprofessional further testified that J. D.'s behavior was "getting the other kids riled up to the point . . . where [she] could not control the classroom" and it became disorderly. When the school resource officer arrived at the classroom, he observed J. D. standing up, making comments, and laughing while the rest of the class laughed at him. As a result of the commotion, J. D. was removed from the classroom.

OCGA § 20-2-1181 pertinently provides that, "[i]t shall be unlawful for any person to disrupt or interfere with the operation of any public school." The evidence cited above was sufficient to support J. D.'s adjudication of delinquency for disruption of a public school pursuant to OCGA § 20-2-1181. J. D.'s argument that he did not violate the statute because he did not disrupt the operation of the school is without merit. J. D.'s conduct that disrupted the classroom while school was in session was clearly a violation of the statute. See *Pitts*, 260 Ga. App. at 275 (1) (holding that the statute is violated even when the altercation occurs outside the school building and before classes have begun).

*Judgment affirmed. Blackburn, P. J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED DECEMBER 12, 2007.

*Jerry F. Pittman*, for appellant.
*Nathaniel L. Smith*, for appellee.