A08A1738. IN THE INTEREST OF T. O. J., a child.
(672 SE2d 14)

BERNES, Judge.

The juvenile court adjudicated T. O. J. delinquent after finding that he was guilty of acts which, if committed by an adult, would constitute the crimes of aggravated assault with a deadly weapon and possession of a weapon during the commission of a crime. T. O. J. appeals from the denial of his motion for new trial, contending that the evidence was insufficient and that the juvenile court should have excluded two of the state's exhibits that were not produced to the defense prior to the hearing. We affirm.

1. T. O. J. maintains that there was insufficient evidence to support the juvenile court's finding of delinquency. We disagree.

> On appeal from a delinquency adjudication, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citations and punctuation omitted.) *In the Interest of J. D.*, 288 Ga. App. 839 (655 SE2d 702) (2007).

So viewed, the evidence shows that on the late afternoon of October 26, 2007, seven teenagers were walking down the road together. A vehicle drove past them but then stopped, did a U-turn in the road, and drove back to where they were walking. The passenger behind the driver then leaned out of the vehicle and fired a gun seven or eight times in the direction of the teenagers. A bullet hit one of the teenagers in the left leg.

An officer with the Clayton County Police Department responded to the scene. The seven teenagers told the officer that they could not identify the shooter. Two of the teenagers, however, later told a detective assigned to the case that T. O. J., who attended their same high school, was the shooter. Both of them identified T. O. J. in photographic lineups composed of high school yearbook photographs. A third teenager initially told the detective that he could not identify who had fired the shots, but later told him that the shooter was T. O. J.

T. O. J. subsequently was charged in a juvenile petition with seven counts of aggravated assault with a deadly weapon and with possession of a firearm during the commission of a crime. A defendant commits an assault if he "[a]ttempts to commit a violent injury to the person of another" or "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (1), (2). If the assault is committed with a deadly weapon, the defendant is guilty of aggravated assault. OCGA § 16-5-21 (a) (2). In turn, the offense of possession of a firearm during the commission of a crime is committed when a firearm is on or within an arm's reach of a person committing a crime against or involving the person of another. OCGA § 16-11-106 (b) (1).

At the delinquency hearing, the three teenagers who had previously told the detective that T. O. J. was the shooter described how the shooting occurred and testified that T. O. J. was the person who fired the shots from the car. The teenager who had been shot in the leg described the shooting incident but was unable to identify the

shooter. The parties stipulated that the remaining three teenagers would likewise be unable to identify the shooter. After hearing all of the testimony, the juvenile court adjudicated T. O. J. delinquent.

Viewed in the light most favorable to the verdict, the evidence presented at the delinquency hearing and set out above clearly was sufficient to allow a rational trier of fact to find appellant guilty beyond a reasonable doubt of seven counts of aggravated assault with a deadly weapon and one count of possession of a weapon during the commission of a crime. *Jackson*, 443 U. S. 307. See OCGA §§ 16-5-21 (a) (2); 16-11-106 (b) (1). See generally *Williams v. State*, 208 Ga. App. 12 (430 SE2d 157) (1993). Given that "[t]he testimony of a single witness is generally sufficient to establish a fact," OCGA § 24-4-8, the eyewitness testimony of three of the teenagers describing what happened and identifying appellant as the shooter was more than sufficient to sustain the convictions. While T. O. J. emphasizes that the three teenagers originally told the police that they could not identify the shooter, the trier of fact, not this Court, resolves conflicts in witness testimony. See *Strong v. State*, 265 Ga. App. 257, 258 (593 SE2d 719) (2004). Accordingly, the juvenile court's finding of delinquency was supported by the record.

2. T. O. J. argues that the juvenile court erred by allowing the state to introduce into evidence two photographic lineups composed of high school yearbook photographs. According to T. O. J., the juvenile court should have prohibited the state from introducing the photographic lineups into evidence because they were not served on the defense prior to the hearing. Again, we disagree.

OCGA § 15-11-75 governs discovery in juvenile delinquency proceedings and provides that

> the child shall, upon written request to the person or entity prosecuting the case having actual custody, control, or possession of the material to be produced, have full access to the following for inspection, copying, or photographing: . . . Photographs and any physical evidence which are intended to be introduced at the hearing.

OCGA § 15-11-75 (a) (7). The discovery request must be complied with promptly, and in most cases no later than 48 hours before the adjudicatory hearing. OCGA § 15-11-75 (c). If a party violates these discovery requirements, the juvenile court is vested with discretion in fashioning a remedy, "and absent an abuse of that discretion, the [juvenile] court's action will stand." (Citation omitted.) *Brown v. State*, 278 Ga. 544, 546 (2) (604 SE2d 503) (2004). Moreover, in addition to showing that the juvenile court abused its discretion in

responding to a discovery violation, an appellant must prove prejudice in order to obtain a reversal. Id. at 545-546 (2).

Here, defense counsel objected when the state attempted to show the detective the two photographic lineups, contending that the lineups had not been provided to the defense during discovery. In response, the juvenile court recessed the proceedings and allowed the defense to review the photographic lineups and interview the detective about them. After affording defense counsel this opportunity, the juvenile court asked counsel, "Are you satisfied[ ] . . . with the time that you had?" Defense counsel responded, "Yes, Your Honor, I'm satisfied." Defense counsel then went on to clarify that he was still objecting to the admission of the photographic lineups, but on the ground that the state had failed to lay an adequate foundation for their admittance. After several foundation-related questions were asked of the detective, the juvenile court allowed the state to introduce the lineups into evidence.

We find no reversible error. As the record reflects, after T. O. J.'s counsel objected to the introduction of the photographic lineups on the ground that the state had failed to fulfill its discovery obligations, the juvenile court took curative action by allowing counsel an opportunity to review the lineups and interview the detective about them. Defense counsel's subsequent acquiescence to the juvenile court's curative action deprives T. O. J. of the right to complain further. See, e.g., *Pollard v. State*, 260 Ga. App. 540, 542 (2) (580 SE2d 337) (2003).

In any event, we cannot say that the juvenile court abused its discretion in fashioning a remedy in response to the discovery violation. See, e.g., *Duvall v. State*, 273 Ga. App. 143, 144 (2) (614 SE2d 234) (2005) (defense counsel provided opportunity to review videotape that state failed to produce during discovery); *Smith v. State*, 257 Ga. App. 88, 90-91 (3) (570 SE2d 400) (2002) (same), rev'd in part on other grounds, *Patterson v. State*, 278 Ga. App. 168, 173 (628 SE2d 618) (2006); *Wilburn v. State*, 199 Ga. App. 667, 669-670 (3) (405 SE2d 889) (1991) (defense counsel provided opportunity to review medical records not produced by the state until the day of trial). Nor has T. O. J. shown how he was prejudiced by the trial court's decision not to order the extreme sanction of excluding the evidence. See *Rollinson v. State*, 276 Ga. App. 375, 378 (1) (c) (623 SE2d 211) (2005) (noting that "[e]xcluding evidence is a harsh sanction") (citation and punctuation omitted); *Wilburn*, 199 Ga. App. at 669 (3) ("Exclusionary rules are not favored in the law, as they detract from the search for truth."). Under these circumstances, T. O. J. has failed to establish a basis for reversal.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

Decided December 18, 2008.

*Josh W. Thacker*, for appellant.
*Jewel C. Scott, District Attorney, R. Christopher Montgomery, Jr.,*
*Assistant District Attorney*, for appellee.