## A08A1921. COURSEY v. THE STATE.
(672 SE2d 456)

BARNES, Judge.

Kenneth Coursey appeals his conviction for driving under the influence, challenging the validity of the roadblock where he was stopped. Coursey argues that the trial court erred in denying his motion to suppress because the roadblock was not conducted properly or in the location approved by the supervisor. Finding no error, we affirm.

> In considering an appeal from a denial of a motion to suppress, this Court construes the evidence in favor of the trial court's ruling, and we review de novo the trial court's application of the law to undisputed facts. Additionally, we must defer to the trial court's determination on the credibility of witnesses, and the trial court's ruling on disputed facts must be accepted unless it is clearly erroneous.

(Citation omitted.) *Lindsey v. State*, 287 Ga. App. 412 (651 SE2d 531) (2007).

The evidence at the motion to suppress hearing showed that the Griffin Post Commander for the Georgia State Patrol authorized the roadblock in Spalding County where Coursey was stopped. The Sergeant, who had the authority to initiate roadblocks, filled out a Supervisory Initiation of Roadblock Approval Form which set out the purposes, location, and times of several roadblocks, including this one at Searcy Avenue. In addition to state troopers, the Sergeant invited officers from other jurisdictions to participate in the roadblock. The Sergeant testified that he and his team held a briefing and went over "a lot of details" with the troopers as well as the officers from other jurisdictions. Although he did not remember the specifics

of the briefing, the Sergeant believed he told the participants the "primary purpose" of the roadblock, which was to look for driving offenses and safety factors. According to the Approval Form, the roadblock was for the "legitimate primary purpose of improving driving safety," and specifically to perform routine traffic checks to verify driver's licenses, insurance, and registration; check for seat belt compliance; determine driver impairment; and assess vehicle fitness and safety compliance. The Sergeant also checked "location of dangerous felon likely to take designated route," although the evidence established that no dangerous felons were in the area at the time. The Sergeant did not hand out copies of the roadblock initiation form to the troopers and officers who were to conduct the roadblock and did not accompany them to the roadblock on Searcy Avenue. The Sergeant was stationed as a supervisor at another location.

An officer with the Griffin Police Department who was assigned to the roadblock testified that the roadblock was clearly identified and that all vehicles coming through it were stopped. The officer testified that he attended a briefing before the roadblock, and while he could not exactly remember the "points" of the briefing he knew what he was out there to do: "checking for licenses and insurance and possible drunk drivers and the typical things you check in roadblocks." When describing the location of the roadblock, the officer testified that it was conducted at the intersection of Searcy Avenue and Highway 155 but the actual location of the roadblock was on Highway 155. The officer also drew a diagram for the court showing the location of the roadblock in the intersection.

A roadblock in Georgia is valid when it meets five requirements: (1) supervisory officers decided where and when to implement it for a legitimate purpose; (2) all vehicles were stopped; (3) the delay to motorists was minimal; (4) the operation was well-identified as a police checkpoint; and (5) the screening officer was competent to determine which motorists should be given field tests for intoxication. *Baker v. State*, 252 Ga. App. 695, 702 (1) (556 SE2d 892) (2001). Coursey contends that the first requirement was not met for the initiation of the roadblock on Searcy Avenue for two reasons.

1. First, Coursey argues that the State presented insufficient evidence to establish that the officers conducting the roadblock were aware of its primary purpose. We disagree. A roadblock is unconstitutional if it is established for the primary purpose of obtaining evidence of "ordinary criminal wrongdoing." *State v. Morgan*, 267 Ga. App. 728, 731 (600 SE2d 767) (2004). We consider all the available evidence to determine the roadblock's primary purpose. Id. Roadblocks set up to enhance roadway safety — such as this one at which officers were checking for valid driver's licenses and insur-

ance, seat belts, and impaired drivers — serve a "legitimate primary purpose." *Kellogg v. State*, 288 Ga. App. 265, 268 (1) (653 SE2d 841) (2007).

Coursey argues that the officers in the field were unaware of the roadblock's primary purposes and therefore its purpose could not be legitimate. The evidence showed that the officers were briefed before the roadblock, and the field officer testified about the specific, legitimate tasks he undertook at each stop. Further, as the trial court noted, when the officer testified, he was specific in his answers regarding the roadblock's purpose and only assented in response to Coursey's question whether the roadblock was set up for general law enforcement purposes. The purposes about which the field officer testified — checking for valid licenses, insurance, impaired drivers, and safety concerns — were consistent with the purposes set forth in the initiation form. The trial court's finding that the roadblock was conducted for a legitimate primary purpose is not clearly erroneous.

2. Coursey also argues that the field officers did not conduct the roadblock at a location approved by the Sergeant, because the roadblock was set up on Highway 155 at its intersection with Searcy, and not on Searcy itself as indicated on the form. This difference in location is insignificant and does not invalidate the roadblock because supervisory personnel need not direct the precise location for a roadblock, so long as supervisory personnel and not field officers decided to implement the roadblock. *Hardin v. State*, 277 Ga. 242, 244 (3) (587 SE2d 634) (2003). See also *Cater v. State*, 280 Ga. App. 891, 892 (1) (635 SE2d 246) (2006).

Accordingly, the trial court did not err in denying Coursey's motion to suppress.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 8, 2009.

*Larkin M. Lee*, for appellant.
*Newton & Howell, Griffin E. Howell III*, for appellee.