**THIRD DIVISION
DOYLE, P. J.,
GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 9, 2023**

# In the Court of Appeals of Georgia

A23A0324. LEWIS v. THE STATE.

GOBEIL, Judge.

Following a bench trial, Janice Lewis was found guilty of DUI less safe. Lewis now appeals, arguing that the trial court erred by denying her motion to suppress the results of field sobriety tests performed after she was stopped at a roadblock. For the reasons that follow, we affirm.

There are three fundamental principles which must be followed when conducting an appellate review of a trial court's ruling on a motion to suppress. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court

must construe the evidence most favorably to the upholding of the trial court's findings and judgment. These principles apply equally whether the trial court ruled in favor of the State or the defendant.

*Phillips v. State*, 338 Ga. App. 231, 231 (789 SE2d 421) (2016) (citation, punctuation and emphasis omitted). We conduct a de novo review of the trial court's application of the law to the undisputed facts. *State v. Mohammed*, 304 Ga. App. 230, 230 (695 SE2d 721) (2010).

So viewed, the record shows that on March 16, 2019, Lewis was stopped at a roadblock in Spalding County at approximately 1:00 a.m. A trooper with the GSP, Benjamin Clarke, conducted field sobriety tests, after which Lewis was arrested for DUI. At the hearing on Lewis's motion to suppress the results of the field sobriety tests, Trooper Clarke's supervisor, GSP Corporal Russell Clark, testified that he authorized a roadblock for the night in question. Although the roadblock approval form listed the location as State Route 362 and State Route 16, the roadblock was actually conducted at the intersection of State Route 362 and State Route 3.

According to Trooper Clarke, who had been a GSP employee in Spalding County for approximately seven years at the time of Lewis's arrest, Routes 362 and 16 do not intersect. Corporal Clark, who was stationed in the Griffin/Spalding County

2

area for only one year of his GSP career, has no independent memory of completing the roadblock approval form, but when he later looked at it, he conceded that he was not sure that Routes 362 and 16 intersect. Trooper Clarke was not aware of any previous roadblocks conducted at the area where Routes 362 and 16 approach each other, but he had participated in approximately 15 roadblocks at the 362/3 intersection.

Corporal Clark testified that field officers do not receive copies of the roadblock approval form. But, he noted that he would have held a pre-roadblock briefing with the officers executing the roadblock "to let them know what [he] was authorizing." The briefing included information such as the purpose and location of the roadblock, and the details would be communicated either in person or by phone. As part of the roadblock process, troopers discuss pertinent information (such as the location and purpose of the roadblock) as a group with their supervisor, and the supervisor then executes the approval form reflecting the discussion. According to Trooper Clarke, road troopers do not have the authority to change the location of a roadblock. Trooper Clarke also confirmed that he and other field officers do not see copies of the approval form, but he knew where to go that night based on discussions with troopers and his supervisor, and his supervisor's authorization. He further stated

3

that there was no confusion among the troopers as to where to go that night to conduct the roadblock.

The trial court denied the motion to suppress, and, following a stipulated bench trial, found Lewis guilty of DUI less safe. This appeal followed.

In her sole claim of error, Lewis argues that the roadblock was unconstitutional because the State failed to prove that the roadblock was properly established by supervisory personnel. Specifically, Lewis contends that the troopers conducted the roadblock in an unauthorized location, rendering it invalid.

To prove that a roadblock is constitutional, the State must show that

(1) the decision to implement the roadblock was made by supervisory personnel rather than officers in the field; (2) all vehicles are stopped as opposed to random vehicle stops; (3) the delay to motorists is minimal; . . . (4) the roadblock is well identified as a police checkpoint[; and] . . . [5] the screening officer had reasonable, articulable suspicion to refer the defendant for further detention and field tests.

*Turner v. State*, 352 Ga. App. 122, 122 (833 SE2d 299) (2019) (citation and punctuation omitted). Here, Lewis contends that the roadblock was invalid because it was not in the location approved by the supervisor, Corporal Clark.

4

As stated above, at the motion to suppress hearing, Corporal Clark testified that he approved the roadblock to be conducted at the intersection of State Routes 362 and 16, as reflected on the approval form. However, he also conceded a lack of independent memory of the night and roadblock in question and indicated that he was unaware that the roads listed on the approval form do not intersect in Spalding County. In ruling that the location of the roadblock listed on the approval form was a mere clerical error, and the roadblock's actual location, at the intersection of State Routes 362 and 3, was properly approved, the trial court relied on circumstantial evidence. This evidence included that Routes 362 and 16 do not intersect; the troopers participating in the roadblock arrived at the actual location without incident or confusion; and no troopers were present at the nonexistent 362/16 location. Considering this evidence in conjunction with the approval form signed by Corporal Clark and the testimony and evidence in the record, the trial court concluded that the location of the roadblock was authorized and not the result of field officers making the decision themselves.

Under these circumstances, there was evidence from which the trial court could find that Corporal Clark approved the site of the roadblock and the location listed on the form was a clerical mistake. Accordingly, and given the deference we owe the

trial court's findings of fact, the trial court was authorized to conclude that the roadblock was properly sanctioned by supervisory personnel. See *Hardin v. State*, 277 Ga. 242, 244 (3) (587 SE2d 634) (2003) ("[i]t is not necessary . . . that supervisory personnel determine the precise location for a roadblock, so long as the decision to implement the roadblock was made by supervisory personnel rather than officers in the field"); *Coursey v. State*, 295 Ga. App. 476, 478 (2) (672 SE2d 456) (2009) (affirming denial of defendant's motion to suppress where roadblock was set up on intersection of highway with city street rather than city street itself as indicated on roadblock approval form filled out by supervisory personnel; difference in location deemed "insignificant" because supervisory personnel rather than field officers decided to implement roadblock). We therefore affirm the denial of Lewis's motion to suppress.

*Judgment affirmed. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*